0081



ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202821 |
| MATTHEW EBO | |
| | COMMONWEALTH'S PROPOSED POINTS FOR CHARGE |

Code:_____

Filed on Behalf of the
Commonwealth of Pennsylvania

Counsel of Record for the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By

STEVEN M. STADTMILLER
Deputy District Attorney
Pa. I.D. No. 53332

Office of the District Attorney
    of Allegheny County
401 Allegheny County Courthouse
Pittsburgh, PA   15219

(412) 350-4406

2012 JUN -1 AM 10: 13
DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

points.pet

Respondents' Exhibit 8

<u>COMMONWEALTH'S PROPOSED POINTS FOR CHARGE</u>

TO THE HONORABLE, THE JUDGES OF SAID COURT:

AND NOW, comes the Commonwealth of Pennsylvania by and through its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully proposes the following points for charge taken from the Pennsylvania Suggested Standard Criminal Jury Instructions and from the cited legal authority:

|     |                           |               |
| --- | ------------------------- | ------------- |
| (a) | Instruction 3.08          | granted/denied |
| (b) | Instruction 3.09          | granted/denied |
| (c) | Instruction 3.10A         | granted/denied |
| (d) | Instruction 3.13          | granted/denied |
| (e) | Instruction 3.14          | granted/denied |
| (f) | Instruction 3.15          | granted/denied |
| (g) | Instruction 3.17          | granted/denied |
| (h) | Instruction 3.18          | granted/denied |
| (I) | Instruction 4.07A         | granted/denied |
| (j) | Instruction 4.10A         | granted/denied |
| (k) | Instruction 4.17          | granted/denied |
| (l) | Instruction 8.306(a)(1)   | granted/denied |
| (m) | Instruction 8.306(b)      | granted/denied |

Respondents' Exhibit 8

(n)  Instruction 8.306(b)(1)      granted/denied

(o)  Instruction 12.903A          granted/denied

(p)  Instruction 15.2501A         granted/denied

(q)  Instruction 15.2501B         granted/denied

(r)  Instruction 15.2502A         granted/denied

(s)  Instruction 15.2502B         granted/denied

(t)  Instruction 15.2502C         granted/denied

(u)  Instruction 15.3701A         granted/denied

(v)  Instruction 15.3702          granted/denied

(w)  Instruction 15.6104          granted/denied

(x)  Instruction 15.6106          granted/denied


(y)  Special Instruction # 1    granted/denied

    The evidence introduced in this trial indicates that
some of the eyewitnesses to the killing of _____
have not been produced by either party.  The jury should
not draw any inference adverse to either party as a
result of the parties' failure to produce those
eyewitnesses at this trial.


(z)  Special Instruction # 2    granted/denied

    If you were to find that Matthew Ebo and/or Thaddeus
Crumbley went looking for victim, Todd Mattox with a
criminal intent, expecting that such confrontation may
necessitate the victim to use his gun, neither defendant
can now claim self defense as to the charge of Second
Degree Murder.
To analogize to a classical case, if a man goes into a

Respondents' Exhibit 8

marketplace in order to hold up the proprietor at gunpoint, such a man is committing a felony at that time.  He knows that the danger of having to defend himself exists.  Under those circumstances, he has no right to claim self defense because he set the moving factors into being, creating the dangerous situation.

<u>Commonwealth v. Franklin</u>, 265 A.2d 361 (Pa. 1970).


      (z) Special Instruction # 2    granted/denied

     As to each defendant, you have the right to bring in a verdict and find the defendant not guilty, or find him guilty of one of three types of homicide.  So you will begin with the first charge of criminal homicide, murder in the first degree, and make a finding as to whether the Defendant is guilty or not guilty of that charge.  If you find him guilty, then you need go no further, and need not consider murder of the second degree or murder of the third degree.  However, if you find the Defendant is not guilty of first degree murder, then you would go on to consider murder of the second degree.  If you find him guilty of murder of the second degree, then you need go no further, and need not consider murder of the third degree.  However, if you find that the defendant is not guilty of first or second degree murder, then you would go on to consider murder of the third degree.


             Respectfully submitted,

             STEPHEN A. ZAPPALA, JR.
             DISTRICT ATTORNEY

By:      _____
       STEVEN M. STADTMILLER
       DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 8

CERTIFICATE OF SERVICE

I hereby certify that on this __1__ day of __June__ ,
2012, I have caused to be mailed a true and correct copy of the
within request to:

Randall McKinney, Esquire
429 Forbes Avenue, Suite 1400
Pittsburgh, PA  15219

The Honorable Beth A. Lazzara
Fifth Floor
Allegheny County Courthouse
Pittsburgh, PA 15219

Helen M. Lynch, Esquire
Court Administrator
Room 535 Courthouse
Pittsburgh. PA 15219

Steven M. Stadtmiller
Deputy District Attorney

Respondents' Exhibit 8