IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

VS

MATTHEW EBO

CRIMINAL DIVISION

NO. CC 200000965

COMMONWEALTH'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER

Filed on Behalf of the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

BY:

STEVEN M. STADTMILLER
DEPUTY DISTRICT ATTORNEY
PA. I.D. NO. 53332

Office of the District Attorney
of Allegheny County
401 Courthouse
Pittsburgh, Pennsylvania 15219

(412) 350-4406


Respondents' Exhibit 13

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER

TO THE HONORABLE BETH A. LAZZARA:

AND NOW, comes the Commonwealth of Pennsylvania, by and through its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully represents the following:

1. It is alleged that on May 16, 2011, defendants Matthew Ebo and Thaddeus Crumbley both fired handguns, shooting and Killing Todd Mattox and then robbed him of his belongings, to include his car;

2. Eye witnesses will testify at trial to the above facts. Trial on this matter is scheduled to begin on June 11, 2012. Matthew Ebo is charged at cc201202820 with Homicide, Robbery, Robbery of Motor Vehicle, Firearms charges and Criminal Conspiracy to Robbery and Criminal Conspiracy to Murder. Thaddeus Crumbley is charged at cc201202821 with the same charges, including Criminal Conspiracy, conspiring and agreeing with Matthew Ebo to commit said crimes;

3. The above two cases were properly joined in that they met the

Respondents' Exhibit 13

standards for joinder enumerated at Rule 582 of the Pennsylvania Rules of Criminal Procedure. More specifically, the actors are alleged to have participated in the same act or same series of acts constituting the offenses charged, and the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion;

4. The Commonwealth will present the same facts, evidence and witnesses against the defendants in the above listed criminal complaints. Thus, judicial economy required that the cases be joined;

5. Defendant Matthew Ebo has filed a Motion to Sever the above two cases pursuant to Rule 583 of the Pennsylvania Rules of Criminal Procedure, which allows the Court discretion to order separate trials, if it appears that either party may be prejudiced by the defendants being tried together;

6. The defendant bears the burden of showing that he will be prejudiced if the cases are not severed, and must show real potential for prejudice and not mere speculation. *Commonwealth v. Rivera,* 773 A.2d 131 (Pa. 2001);

7. The real prejudice that must be shown in order for the Court to grant the severance of defendants' cases under Rule 583 must be prejudice that is sufficient to

Respondents' Exhibit 13

overcome the general policy of encouraging the judicial economy of a joint trial. *Commonwealth v. Presbury,* 665 A.2d 825 (Pa.Super. 1995). Claiming that there is a better chance of acquittal with separate trials has been found to be insufficient reason to grant severance. Id. Even cases in which the defendants have conflicting defenses (*Commonwealth v. Jones,* 668 A.2d 491 (Pa. 1995)) or cases involving the admission of a non-testifying co-defendant's redacted statement (*Commonwealth v. Colon,* 846 A.2d 747 (Pa.Super. 2004); *Commonwealth v. Wharton,* 607 A.2d 710 (Pa. 1992)) have been found to lack sufficient prejudice to merit severance of the cases;

8. Finally, the Pennsylvania Supreme Court has told us that in cases where both defendants are charges with conspiracy, joint, rather than separate trials are preferred. *Commonwealth v. Marinelli,* 690 A.2d 203 (Pa. 1997);

9. Because there is no recognized prejudice claimed here due to the joinder of the defendants' cases, and because Pennsylvania case law does not support severance of these cases, and due to the general policy of encouraging judicial economy, joinder of these cases is preferred over severance.

Respondents' Exhibit 13

WHEREFORE, on the basis of the foregoing, the Commonwealth respectfully requests that this Honorable Court deny the defendant's Omnibus Pre-trial Motion to Sever.

 

Respectfully submitted,
STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

BY: _____
STEVEN M. STADTMILLER
DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 13

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA            CRIMINAL DIVISION

VS

MATTHEW EBO                             NO. CC 201202821

ORDER OF COURT

AND NOW, to-wit, this _____ day of JuNE, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that the defendant's Omnibus Pre-Trial Motion to Sever is Denied.

BY THE COURT,

_____

Respondents' Exhibit 13

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2012, I have caused to be served a true and correct copy of the within Commonwealth's Response and Memorandum of Law in Opposition of Defendant's Omnibus Pre-trial Motion, via hand-delivery to:

        Randall McKinney, Esquire
        429 Forbes Avenue, Suite 1400
        Pittsburgh, PA 15219

        The Honorable Beth A. Lazzara
        Fifth Floor
        Allegheny County Courthouse
        Pittsburgh, PA 15219

        _____
        STEVEN STADTMILLER
        DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 13