0125

 ORIGINAL

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

v.

THADDEUS THOMAS CRUMBLEY and
MATTHEW EBO,

Defendants

CRIMINAL DIVISION

CC No.:  2012 02820
CC No.: 2012 02821

THE HONORABLE BETH LAZZARA

**PROPOSED JURY INSTRUCTIONS**

Filed on Behalf of Defendants:

Thaddeus Thomas Crumbley

Counsel of Record for the Parties:

Wendy L. Williams
PA ID# 50379

Randall H. McKinney
PA ID# 209003

Wendy L. Williams & Associates
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219
(412) 434-5757
(412) 434-5787 facsimile
wendy.williams.law@gmail.com

Law Office of Randall H. McKinney
429 Forbes Avenue, Suite 1400
Pittsburgh, PA  15219
(412) 390-4531
(412) 261-1793 facsimile
rhm@randallmckinneylaw.com

2012 AUG 30  AM 9:52

DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

Respondents' Exhibit 20

3.10A (Crim)      DEFENDANT'S FAILURE TO TESTIFY—NO
                  ADVERSE INFERENCE

It is entirely up to the defendant in every
criminal trial whether or not to testify. He has an
absolute right founded on the Constitution to remain
silent. You must not draw any inference of guilt, or
any other inference adverse to the defendant, from the
fact that he did not testify.

Respondents' Exhibit 20

3.18 (Crim)          INFLAMMATORY PHOTOGRAPHS

    1.   This photograph was admitted in evidence for the purpose of showing the nature of the wounds received by the deceased.

    2.   It is not a pleasant photograph to look at. You should not let it stir up your emotions to the prejudice of the defendant. Your verdict must be based on a rational and fair consideration of all the evidence and not on passion or prejudice against the defendant, the Commonwealth, or anyone else connected with this case.

Respondents' Exhibit 20

3.21A (Crim)          FAILURE TO CALL POTENTIAL WITNESS

    1.   There is a question about what weight, if any, you should give to the failure of the Commonwealth to call Richard Carpenter as a witness.

    2.   If three factors are present, and there is no satisfactory explanation for a party's failure to call a potential witness, the jury is allowed to draw a common-sense inference that his testimony would have been unfavorable to that party. The three necessary factors are:

        *First*, the person is available to that party only and not to the other;

        *Second*, it appears the person has special information material to the issue; and

        *Third*, the person's testimony would not be merely cumulative.

    3.   Therefore, if you find these three factors present, and there is no satisfactory explanation for the Commonwealth's failure to call Richard Carpenter to testify, you may infer, if you choose to do so, that his testimony would have been unfavorable to the Commonwealth.

Respondents' Exhibit 20

4.07B (Crim)          IDENTIFICATION TESTIMONY—ACCURACY IN DOUBT

1.   In her testimony, Saday Robinson has identified the defendants as the persons who committed these crimes. There is a question of whether this identification is accurate.

2.   A victim or other witness can sometimes make a mistake when trying to identify the criminal. If certain factors are present, the accuracy of identification testimony is so doubtful that a jury must receive it with caution. Identification testimony must be received with caution if the witness because of bad position, poor lighting, or other reasons did not have a good opportunity to observe the criminal, if the witness in her testimony is not positive as to identity, if the witness's positive testimony as to identity is weakened by qualifications, hedging, or inconsistencies in the rest of her testimony by her not identifying the defendants, or identifying someone else, as the criminal when shown photographs on more than one occasion before the trial.

*[First Alternative: Court rules as a matter of law that caution is required]*

3.   In this case there was evidence that Saday Robinson could not see the criminal (identified as the darker skinned male) clearly, as stated in her first May 16, 2011 interview. Therefore, you must consider with caution her testimony identifying defendant Crumbley as the person who committed the crime.

*[Second Alternative: When there is a jury issue as to whether caution is required]*

3.   If you believe that one or more of these factors are present, then you must consider with caution Saday Robinson's testimony identifying the defendants as the persons who committed the crime. If, however, you do not believe that at least one of these factors is present, then you need not receive the testimony with caution; you may treat it like any other testimony.

4.   You should consider all evidence relevant to the question of who committed the crime, including the testimony of Saday Robinson, any evidence of facts and circumstances from which identity, or non-identity, of the criminal may be inferred. You cannot find either defendant guilty unless you are

Respondents' Exhibit 20

satisfied beyond reasonable doubt by all the evidence, direct and circumstantial, not only that the crime was committed but that it was either defendant who committed it.

Respondents' Exhibit 20

4.08D (Crim)        IMPEACHMENT—PRIOR CONVICTION (WITNESS ONLY)

1.  You have heard evidence that some of the witnesses, John Gardone, who has been convicted of the crime of Theft by Unlawful Taking, Richard Carpenter, who has been adjudicated delinquent for Burglary, and Thomas Julian Brown, who has plead guilty of Theft by Unlawful Taking and has been convicted of Theft by Unlawful Taking and Burglary.

2.  The only purpose for which you may consider this evidence of prior conviction is in deciding whether or not to believe all or part of John Gardone's, Richard Carpenter's, or Thomas Julian Brown's testimony. In doing so, you may consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that John Gardone, Richard Carpenter, or Thomas Julian Brown have testified truthfully in this case.

Respondents' Exhibit 20

4.09 (Crim)            CONFLICTING TESTIMONY

1.    Where there is a conflict in the testimony, the jury
has the duty of deciding which testimony to believe. But you
should first try to reconcile, that is, fit together, any
conflicts in the testimony if you can fairly do so.

2.    Discrepancies and conflicts between the testimony of
different witnesses may or may not cause you to disbelieve some
or all of their testimony. Remember that two or more persons
witnessing an incident may see or hear it happen differently;
also, it is not uncommon for a witness to be innocently mistaken
in his or her recollection of how something happened.

3.    If you cannot reconcile a conflict in the testimony,
it is up to you to decide which testimony, if any, to believe
and which to reject as untrue or inaccurate.

4.    In making this decision, consider whether the conflict
involves a matter of importance or merely some detail and
whether the conflict is brought about by an innocent mistake or
by an intentional falsehood. You should also keep in mind the
other factors already discussed, which go into deciding whether
or not to believe a witness.

5.    In deciding which of conflicting testimony to believe,
you should not necessarily be swayed by the number of witnesses
on either side. You may find that the testimony of a few
witnesses, even of just one witness, is more believable than the
opposing testimony of a greater number of witnesses. On the
other hand, you should also consider the extent to which
conflicting testimony is supported by other evidence.

Respondents' Exhibit 20

4.17 (Crim)        CREDIBILITY OF WITNESSES, GENERAL

1. As judges of the facts, you are sole judges of the credibility of the witnesses and their testimony. This means you must judge the truthfulness and accuracy of each witness's testimony and decide whether to believe all or part or none of that testimony. The following are some of the factors that you may and should consider when judging credibility and deciding whether or not to believe testimony:

a. Was the witness able to see, hear, or know the things about which he or she testified?

b. How well could the witness remember and describe the things about which he or she testified?

c. Was the ability of the witness to see, hear, know, remember, or describe those things affected by youth, old age, or by any physical, mental, or intellectual deficiency?

d. Did the witness testify in a convincing manner? How did he or she look, act, and speak while testifying? Was his or her testimony uncertain, confused, self-contradictory, or evasive?

e. Did the witness have any interest in the outcome of the case, bias, prejudice, or other motive that might affect his or her testimony?

f. How well does the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses? Was it contradicted or supported by the other testimony and evidence? Does it make sense?

Respondents' Exhibit 20

2.   If you believe some part of the testimony of a witness to be inaccurate, consider whether the inaccuracy casts doubt upon the rest of his or her testimony. This may depend on whether he or she has been inaccurate in an important matter or a minor detail and on any possible explanation. For example, did the witness make an honest mistake or simply forget or did he or she deliberately falsify?

3.   While you are judging the credibility of each witness, you are likely to be judging the credibility of other witnesses or evidence. If there is a real, irreconcilable conflict, it is up to you to decide which, if any, conflicting testimony or evidence to believe.

4.   As sole judges of credibility and fact, you, the jurors, are responsible to give the testimony of every witness, and all the other evidence, whatever credibility and weight you think it deserves.

Respondents' Exhibit 20

7.04 (Crim)        NUMBER OF WITNESSES

    1.  You should not decide this case on the basis of which side presented the greater number of witnesses or the greater amount of evidence. Instead, you should decide which witnesses to believe and which evidence to accept on the basis of whether or not the testimony or evidence is believable.

    2.  In deciding which of several witnesses to believe, it is proper for you to consider whether or not the testimony of each witness is supported by other evidence in the case. However, you should recognize that it is entirely possible for a single witness to give truthful and accurate testimony and that his or her testimony may be believed, even though a greater number of witnesses of apparently equal reliability contradicted him or her. The question for you to decide, based on all the considerations I am discussing with you, is not which side produced the most evidence, but, instead, which evidence you believe.

Respondents' Exhibit 20

## CERTIFICATE OF SERVICE

We, Wendy L. Williams, and Randall H. McKinney, hereby certify that a true and correct copy of the within Jury Instructions was served in the manner indicated, this 30th day of August, 2012 upon the following:

The Honorable Beth Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

DDA Steven Stadtmiller
c/o Allegheny County District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219
Via Hand Delivery

_____
Wendy L. Williams

_____
Randall H. McKinney

Respondents' Exhibit 20