FILED

2012 OCT -4  AM 9: 48

DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202820 |
| THADDEUS CRUMBLEY | MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION FOR EXTRAORDINARY RELIEF |

Code: _____

Filed on Behalf of the
Commonwealth of Pennsylvania

Counsel of Record for the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By

Steven M. Stadtmiller
Deputy District Attorney
Pa. I.D. No. 53332

Office of the District Attorney
of Allegheny County
401 Courthouse
Pittsburgh, Pennsylvania 15219

(412) 350-4406

Respondents' Exhibit 22

<u>MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION FOR EXTRAORDINARY RELIEF</u>

TO THE HONORABLE, THE JUDGES OF SAID COURT:

AND NOW, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully represents the following:

<u>ARGUMENT</u>

Defendant, in his motion claims that the Prosecution acted improperly and with extreme prejudice by making a biblical reference to the Defendant as the "Angel of Death" during closing argument of the above captioned homicide trial. The Commonwealth admits that the comment was made twice during closing argument, and the comment was referencing defendant Crumbley. However, the Commonwealth does not agree that the expression was a biblical reference. Rather, the intent was to describe Crumbley as a scary hooded individual that was callous enough to walk up to a living person who is lying helpless on the ground, stand over him, and shoot the victim in the head at close range. This was an attempt during argument to respond to defense arguments as to the paucity of description Saday Robinson had given to the police regarding Crumbley on the night of this incident. I was arguing that Ms. Robinson was more forthcoming with her description of co-defendant Matthew Ebo, because his

appearance and actions were much less fearsome than were those of Crumbley. The Commonwealth never invoked the bible or God to direct the jury to decide guilt or innocence in this case. The phrase "Angel of Death" appears in literature, but the Commonwealth is not aware if the exact phrase actually appears in the bible. Either way, the intent of the phrase was not meant to invoke the bible or to inflame the jury. It was not a pre-planned statement. Rather, it was spoken as descriptive language during a moment of oratorical flair during closing statements.

However, even if this statement were to be deemed a biblical reference, the Pennsylvania case law on the use of such statements by the Commonwealth during trial and closing arguments is quite clear. In the case of *Commonwealth v. Chambers*, 599 A.2d 630 (Pa. 1991), the prosecuting attorney stated during his closing statement of the penalty phase of that capital murder case that the Bible says "and the murderer shall be put to death". The Pennsylvania Supreme Court held that "reliance on the Bible or any other religious writing in support of a penalty of death is reversible error per se". *Chambers*, at 644. The Pennsylvania Supreme Court has specifically refused to extend this per se rule prohibiting the use of Biblical references in the penalty phase of trials to a per se rule in the guilt phase of trials. *Commonwealth v. Natividad*, 938 A.2d 310, 325 (Pa. 2007).

The law in the Commonwealth of Pennsylvania regarding remarks made during closing arguments is well settled.

> a prosecutor's remarks during closing argument will seldom mandate a new trial. 'Even where the language of a prosecutor is intemperate, uncalled for and improper, a new trial is not required unless its unavoidable effect would be to prejudice the jury, forming in their minds, fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.'

Respondents' Exhibit 22

*Commonwealth v. Banks*, 677 A.2d 335 (Pa.Super. 1996)(quoting *Commonwealth v. Ritter*, 615 A.2d 442 (Pa.Super. 1992).

The complained of statement is not to be viewed in isolation, rather it is to be viewed in the context in which it was made, and in view of the response it was making to defense arguments. *Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa.Super. 2009); *Commonwealth v. Hutchinson*, 25 A.3d 277 (Pa. 2011); *Commonwealth v. Romero*, 938 A.2d 362, 393 (Pa. 2007). When reviewing the closing remarks of a prosecutor and allegations of prosecutorial misconduct, the court is required "to evaluate whether a defendant received a fair trial, not a perfect trial". *Judy*, at 1019 (quoting *Commonwealth v. Rios*, 721 A.2d 1049 (Pa. 1998)). Additionally, the Pennsylvania Courts have held on numerous occasions that the prosecution must have wide latitude and may employ oratorical flair in arguing to the jury. *Commonwealth v. Ali*, 10 A.3d 282, 307 (Pa. 2010); *Commonwealth v. Smith*, 995 A.2d 1143, 1162 (Pa. 2010); *Banks*, at 339.

The nature of the complained of statements in this case and the context in which they were made did not prejudice the jury. The comments were not so prejudicial as to make it impossible for the jury to render a true and proper verdict, especially given the strength of the Commonwealth's case, to include eye witness testimony and circumstantial physical evidence linking the defendant to the murder weapon. Furthermore, defendnant's claims of prosecutorial misconduct overlook the numerous cases that "have found far more graphic comments to be appropriate". *Banks*, at 340,

> (See, *Commonwealth v. Sam*, 635 A.2d 603 (Pa. 1993) (appropriate to argue That murder was 'chilling' and that appellant 'blew that little girl's brains out' and 'wiped out three generations of people'); *Commonwealth v. Marshall*, 633 A.2d (Pa. 1993) ('close the eyes of the dead'); *Commonwealth v. Chester*, 587 A.2d 1367 (Pa. 1991) (argument that victim was 'carved up like a cheap piece of tenderloin,'And that defendant had 'ice water running through their veins');

Respondents' Exhibit 22

*Commonwealth v. Upchurch*, 513 A.2d 995 (Pa.Super. 1986) (referring to defendant as an 'executioner' not prejudicial).

*Banks*, at 340.

Given the amount of eye witness and circumstantial evidence presented at trial against defendant Crumbley, and because the Commonwealth attorney did not directly invoke the bible during closing argument, there is no way that the complained of phrase was anything more than oratorical flair. A new trial is not merited because the complained of statement's "unavoidable effect [was not] to prejudice the jury, forming in their minds, fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict". *Banks*, at 338. Accordingly, defendant Crumbley's Motion for Extraordinary relief requesting a new trial based upon the reference by the Commonwealth attorney to defendant Crumbley as the "Angel of Death" should be denied. The defendant's position is not supported by the law, and said statement was not a direct Biblical reference, did not invoke the Bible or God to direct the jury's verdict and was mere oratorical flair designed to refute defense arguments.

Respondents' Exhibit 22

WHEREFORE, based upon the foregoing, the Commonwealth respectfully requests that this Honorable Court enter an Order denying Defendant's Motion for Extraordinary Relief requesting a new trial in this case.

                                               Respectfully submitted,

                                               STEPHEN A. ZAPPALA, JR.
                                               DISTRICT ATTORNEY

By: _____
     STEVEN M. STDTMILLER
     DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 22

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202820 |
| THADDEUS CRUMBLEY | |

ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Extraordinary Relief granting defendant Crumbley a new trial is DENIED.

BY THE COURT:

_____,J.

Respondents' Exhibit 22

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2012, I have caused to be mailed a true and correct copy of the within motion to:

Wendy Williams, Esq.
The Frick Building, Suite 417
437 Grant Street
Pittsburgh, PA 15219

Randall McKinney, Esquire
429 Forbes Avenue, Suite 1400
Pittsburgh, PA 15219

Helen Lynch, Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

The Honorable Beth A. Lazzara
Fifth Floor
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Steven M. Stadtmiller
Deputy District Attorney