FILED

2012 DEC 19 PM 2: 23

DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | CRIMINAL DIVISION |
| v. | CC: 201202821 |
| MATTHEW EBO, | SENTENCING DATE: November 28, 2012 |
| Defendant | |

### EMERGENCY PETITION FOR LEAVE TO FILE POST-SENTENCE MOTIONS *NUNC PRO TUNC*

AND NOW, comes the Defendant, MATTHEW EBO, by and through his counsel, Jessica L. Herndon, Assistant Public Defender; Suzanne M. Swan, Chief—Appellate Division; Elliot Howsie, Public Defender; and the Law Office of the Public Defender, who files the within Emergency Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc* and avers the following:

1. On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and various other crimes.

2. On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

Respondents' Exhibit 26

3. Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4. On November 28, 2012, Mr. Ebo proceeded to sentencing. This Honorable Court sentenced Mr. Ebo to life imprisonment.

5. On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6. Post-sentence motions were due no later than December 8, 2012, but no post-sentence motions were filed on Mr. Ebo's behalf.

7. The Order granting Mr. McKinney's Motion to Withdraw and appointing the Public Defender's Office was not filed until December 12, 2012. This is past the ten day period for Mr. Ebo to file timely post-sentence motions.

8. The Public Defender's Office was not provided with this Order until a relative of Mr. Ebo presented the Office with a copy of the Order after the time to file post-sentence motions expired.

9. A defendant has the right to file post-sentence motions, as well as the right to counsel in filing post-sentence motions. *Commonwealth v. Williams*, 434 A.2d 179, 180 (Pa.Super. 1981). Post-sentence motions must be filed no later than ten days after the imposition of sentence. Pa.R.Crim.P. 720(A)(1).

10. The law is clear that unless certain claims are raised in post-sentence motions, they are waived on appeal. In this case, Mr. Ebo's wish to challenge the weight of the evidence warranting a new trial must be raised in a post-sentence motion or it is waived. Pa.R.Crim.P. 720.

11. A defendant can waive his right to file post-sentence motions and his right to counsel in filing post-sentence motions. *Commonwealth v. Brown*, 419 A.2d 790, 792-793 (Pa. Super. 1980). However, waiver cannot be inferred from a silent record and counsel cannot unilaterally waive those valuable rights on behalf of the defendant. *Id*. at 793. Rather, the waiver can only be made "by the defendant voluntarily and understandingly." *Id*. at 792-793.

12. When the defendant does not voluntarily and understandingly waive his right to file post-sentence motions and his right to counsel in filing post-sentence motions, the proper and necessary remedy is to allow the filing of post-sentence motions *nunc pro tunc. Williams*, 434 A.2d at 180.

13. A defendant petitioning to file post-sentence motions *nunc pro tunc* must, within 30 days after the imposition of sentence, demonstrate sufficient cause to do so. *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa.Super. 2003).

14. Under these circumstances, Mr. Ebo lost the right to file post-sentence motions through no fault of his own. Since the trial court's Order appointing the Public Defender's Office was not filed with the Department of Court Records and provided to the Public Defender's Office within the ten day period to file timely post-sentence motions, Mr. Ebo lost the opportunity to file post-sentence motions.

15. Mr. Ebo, through undersigned counsel, has established sufficient cause to allow the filing of post-sentence motions *nunc pro tunc*.

Respondents' Exhibit 26

16. If the defendant meets this burden, the trial court then must exercise discretion to determine whether to allow the filing of post-sentence motions *nunc pro tunc*. *Dreves*, 839 A.2d at 1128.

17. "The trial court's decision on a request to file a post-sentence motion *nunc pro tunc must be rendered within 30 days of the imposition of sentence.*" *Id.* at 1128 n. 6 (citations omitted; emphasis added).

18. **The thirtieth day after imposition of sentence is December 28, 2012. The Court *must* rule on this Petition by this date, or it will lose jurisdiction over this matter.**

19. Furthermore, "[i]f the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court ***must do so expressly***." *Id.* at 1128 (emphasis added).

20. Based on the above reasons of law and fact, a decision not to allow the filing of post-sentence motions *nunc pro tunc* in this case will constitute a manifest abuse of discretion after which an immediate appeal will follow.

21. Undersigned counsel is simultaneously filing post-sentence motions *nunc pro tunc* with this Petition. Therefore, no prejudice will inure to the Commonwealth or other interested parties in Mr. Ebo's case.

Respondents' Exhibit 26

WHEREFORE, Mr. Ebo respectfully requests this Honorable Court to immediately enter an order that expressly grants this Petition, and to allow and accept post-sentence motions *nunc pro tunc* in this case

Respectfully submitted:

ELLIOT HOWSIE
Public Defender

SUZANNE M. SWAN
Chief—Appellate Division

_____
JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

Respondents' Exhibit 26

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | CRIMINAL DIVISION |
| v. : | CC 201202821 |
| MATTHEW EBO, : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I, Jessica L. Herndon, Assistant Public Defender, hereby certify that on the 19th day of December, 2012, the Emergency Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc* was served on the following persons by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121 (Filing and Service) and Pa.R.Crim.P. 576 (Filing and Service by Parties):

The Honorable Beth A. Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Thomas McCaffrey, Esquire
Criminal Court Administrator
535 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Mark Tranquilli, Esquire
Office of the District Attorney
301 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

LAW OFFICE OF THE PUBLIC DEFENDER
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA  15219-2904
(412) 350-2403

Respondents' Exhibit 26

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| v. | : | CC 201202821 |
| MATTHEW EBO, | : | |
| Defendant. | : | |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, after due consideration of the Emergency Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc* filed in the above-captioned case, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that said Petition is **GRANTED**. Post-Sentence Motions *Nunc Pro Tunc* are expressly permitted in the above-captioned case. The Post-Sentence Motions *Nunc Pro Tunc* simultaneously filed with said Petition are expressly accepted in the above-captioned case.

BY THE COURT:

_____, J.

Respondents' Exhibit 26