



Criminal Division
Dept. of Court Records
Allegheny County, PA.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| | : | |
| v. | : | CC 201202821 |
| | : | |
| MATTHEW EBO, | : | |
| | : | |
| Defendant. | : | |

### POST-SENTENCE MOTIONS *NUNC PRO TUNC*; MOTION FOR LEAVE TO FILE SUPPLEMENTAL POST-SENTENCE MOTIONS *NUNC PRO TUNC*; MOTION FOR AN EXTENSION OF TIME TO DECIDE ALL OF THE POST-SENTENCE MOTIONS *NUNC PRO TUNC*; AND MOTION FOR THE IMMEDIATE PRODUCTION OF THE TRANSCRIPTS

AND NOW, comes the Defendant, MATTHEW EBO, by and through his counsel, Jessica L. Herndon, Assistant Public Defender; Suzanne M. Swan, Chief—Appellate Division; Elliot Howsie, Public Defender; and the Law Office of the Public Defender, who files the within Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of the Transcripts and avers the following:

Respondents' Exhibit 27

1.  On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and various other crimes.

2.  On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

3.  Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4.  On November 28, 2012, Mr. Ebo proceeded to sentencing.   This Honorable Court sentenced Mr. Ebo to life imprisonment.

5.  On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6.  Post-sentence motions were due no later than December 8, 2012, but no post-sentence motions were filed on Mr. Ebo's behalf.

7.  The Order granting Mr. McKinney's Motion to Withdraw and appointing the Public Defender's Office was not filed until December 12, 2012.  This is past the ten day period for Mr. Ebo to file timely post-sentence motions.

8.  The Public Defender's Office was not provided with this Order until a relative of Mr. Ebo presented the Office with a copy of the Order after the time to file post-sentence motions expired.

9.  Undersigned Counsel is filing these motions in conjunction with an Emergency Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc* since the Public Defender's Office was not appointed and/or notified of its appointment in a timely manner and Mr. Ebo lost his right to file timely post-sentence motions.

Respondents' Exhibit 27

## POST-SENTENCE MOTIONS *NUNC PRO TUNC*

10.     Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings.     Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo.   As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case.

11.     However, under Pennsylvania law, unless certain claims are raised in post-sentence motions, they are waived on appeal.   For instance, "a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.   Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion." Pa.R.Crim.P. 607, *Comment*.

12.     Therefore, Undersigned Counsel is filing general post-sentence motions in this case in order to protect and defend Mr. Ebo's absolute constitutional rights to a direct appeal and the effective assistance of counsel.

      A.     The jury verdict on the various charges, including Murder of the First Degree, Robbery, Firearms Not to be Carried Without a License, Possession of a Firearm Prohibited, and Conspiracy was against the weight of the evidence.

            i. The evidence was so unreliable, vague, and untrustworthy that the trial court should have rejected it.

Respondents' Exhibit 27

0178

B.   The sentence imposed was unjust, unreasonable, and manifestly excessive.   The sentence imposed was also contrary to the Sentencing Code, 42 Pa.C.S.A. §§ 9701-9909, and the fundamental norms underlying the sentencing process.

    i.   The Trial Court failed to consider and apply all the required factors under 42 Pa.C.S.A. § 9721 (Sentencing Generally) and 42 Pa.C.S.A. § 9781 (Appellate Review of Sentence).  The Trial Court did not adequately consider Mr. Ebo's character and/or his need for rehabilitation.  Thus, the sentence imposed was based on improper factors and/or not based on all the relevant and proper factors.

    ii.   The sentencing decision was based solely on the nature and facts of the case and the seriousness of the crimes.

    iii.   The Trial Court failed to put adequate reasons on the record to justify the sentencing decision.

Respondents' Exhibit 27

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL POST-SENTENCE MOTIONS *NUNC PRO TUNC*

13.    "The defendant may file a supplemental post-sentence motion in the judge's discretion so long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3)." Pa.R.Crim.P. 720(B)(1)(b).

14.    Undersigned Counsel respectfully requests this Honorable Court to enter an order granting leave to file supplemental post-sentence motions in accordance with Pa.R.Crim.P. 720(B)(1)(b).

15.    Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings.   Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo.  As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case.

16.    Moreover, Undersigned Counsel will need to file supplemental post-sentence motions in order to ensure that all claims and requests for relief are "stated with specificity and particularity…." Pa.R.Crim.P. 720(B)(1)(a).

17.    Undersigned Counsel respectfully requests this Honorable Court to enter an order granting 21 days from the receipt of all the transcripts in Mr. Ebo's case to file supplemental post-sentence motions or a statement that no additional claims will be raised.

Respondents' Exhibit 27

## MOTION FOR AN EXTENSION OF TIME TO DECIDE ALL OF THE POST-SENTENCE MOTIONS *NUNC PRO TUNC*

18.    "Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion.  If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a).

19.    "Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion." Pa.R.Crim.P. 720(B)(3)(b).

20.    Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings.  Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo.  As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case.  Furthermore, Undersigned Counsel intends to file supplemental post-sentence motions or a statement that no additional claims will be raised.  Accordingly, it is imperative that an adequate period of time be afforded to review and rule on all of the post-sentence motions, including any supplemental post-sentence motions, filed in Mr. Ebo's case.

21.    Undersigned Counsel respectfully requests this Honorable Court to enter an order granting a 30-day extension to decide all of the post-sentence

Respondents' Exhibit 27

motions, including any supplemental post-sentence motions, filed in Mr. Ebo's case.

## MOTION FOR THE IMMEDIATE PRODUCTION OF THE TRANSCRIPTS

22.   In order to expedite the filing of supplemental post-sentence motions or a statement that no additional claims will be raised, as well as to protect and defend Mr. Ebo's absolute constitutional rights to a direct appeal and the effective assistance of counsel, Undersigned Counsel respectfully requests this Honorable Court to enter an order directing that the following transcripts from the proceedings in Mr. Ebo's case be produced forthwith:

- Hearing on Motion to Amend (6-7-12) – Reporter: Michelle Maglicco

- Hearing on Motion for Bond (6-13-12) – Reporter: Deborah Betzler

- Hearing on Motion to Introduce Evidence (7-27-12) – Reporter: Denise Zwick

- Hearing on Motion Relating to Count Five (8-22-12) – Reporter: Janet Barto

- Jury Trial (8-22-12 through 9-4-12) – Reporter: Janet Barto

- Hearing on Motion for Relief (10-5-12) – Reporter: Judith Dobies

- Sentencing Hearing (11-28-12) – Reporter: Mary Spagnolo

WHEREFORE, Mr. Ebo, through Undersigned Counsel, respectfully requests this Honorable Court to enter an order directing the immediate production of the transcripts from the proceedings in Mr. Ebo's case.  Also, Mr. Ebo, through Undersigned Counsel, respectfully requests this Honorable Court to enter an order granting 21 days from the receipt all the transcripts to file supplemental post-sentence motions or a statement that no additional claims will be raised.  Finally, Mr. Ebo, through Undersigned Counsel,

Respondents' Exhibit 27

0183

respectfully requests this Honorable Court to enter an order granting a 30-day extension beyond the 120-day disposition period to rule on all the post-sentence motions.

Respectfully submitted:

ELLIOT HOWSIE
Public Defender

SUZANNE M. SWAN
Chief—Appellate Division

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

Respondents' Exhibit 27

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| | : | |
| v. | : | CC 201202821 |
| | : | |
| MATTHEW EBO, | : | |
| | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I, Jessica L. Herndon, Assistant Public Defender, hereby certify that on the _19th_ day of _December_____, 2012, the Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of the Transcripts was served on the following persons by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121 (Filing and Service) and Pa.R.Crim.P. 576 (Filing and Service by Parties):

The Honorable Beth A. Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Mark Tranquilli, Esquire
Office of the District Attorney
301 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Thomas McCaffrey
Criminal Court Administrator
535 Allegheny County
Courthouse
436 Grant Street
Pittsburgh, PA  15219

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

LAW OFFICE OF THE PUBLIC DEFENDER
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA  15219-2904
(412) 350-2403

Respondents' Exhibit 27

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| | : | |
| v. | : | CC 201202821 |
| | : | |
| MATTHEW EBO, | : | |
| | : | |
| Defendant. | : | |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, after due consideration of the Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of Transcripts, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

The Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*, the Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*, and the Motion for the Immediate Production of the Transcripts are hereby **GRANTED**.

The Court Reporter, Michelle Maglicco (Hearing on Commonwealth Motions to Amend: 6-7-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Deborah Betzler (Hearing on Defense Motion for Bond: 6-13-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Denise Zwick (Hearing on Commonwealth Motions on Evidence: 7-27-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Janet Barto (Hearing on Count Five: 8-22-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

Respondents' Exhibit 27

The Court Reporter, Janet Barto Jury Trial: 8-22-12 through 9-4-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Judith Dobies (Hearing on Defense Motion for Extraordinary Relief: 10-5-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Mary Spagnolo (Sentencing Hearing: 11-28-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

Undersigned Counsel for the Defendant **SHALL** be permitted 21 days from the receipt of all the transcripts to file supplemental post-sentence motions or a statement that no additional claims will be raised.

A 30-day extension beyond the 120-day disposition period to rule on all of the post-sentence motions **SHALL** be permitted.

BY THE COURT:

_____, J.

Respondents' Exhibit 27