2013 APR 19 AM 9:49

DEPT...
CR...
ALLEGHENY COUNTY PA



ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL DIVISION |
| v. | : | CC 201202821 |
| MATTHEW EBO, | : | |
| Defendant. | : | |

## SUPPLEMENTAL POST-SENTENCE MOTION

AND NOW, comes the Defendant, Matthew Ebo, by and through his counsel, Jessica L. Herndon, Assistant Public Defender; Suzanne M. Swan, Chief—Appellate Division; Elliot Howsie, Public Defender; and the Law Office of the Public Defender, who files the within Supplemental Post-Sentence Motion and avers the following:

1. On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and various other crimes.

2. On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

Respondents' Exhibit 31

3. Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4. On November 28, 2012, Mr. Ebo was sentenced to life imprisonment.

5. On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6. The Office of the Public Defender was appointed to represent Mr. Ebo on December 12, 2012.

7. On December 19, 2012, Undersigned Counsel requested permission to file a Post-Sentence Motion *Nunc Pro Tunc* and requested leave to supplement the Post-Sentence Motion once she received the transcripts.

8. On December 21, 2012, this Honorable Court granted the Motion and directed Mr. Ebo to file any amendments or supplements to the Post-Sentence Motion within twenty-one days of receipt of the transcripts.

9. Counsel received the final transcript on April 12, 2013.

10. This timely Supplemental Post-Sentence Motion follows, which incorporates all claims raised in the Post-Sentence Motion of December 19, 2012 (Appendix A).

11. Mr. Ebo, through Appellate Counsel, will supplement the Post-Sentence Motion of December 19, 2012 (Appendix A) as follows:

   A. Mr. Ebo amends issue (A), which should state:

   The jury verdict on all counts was against the weight of the evidence; thus, Mr. Ebo is entitled to new trial. There was no physical evidence connecting Mr. Ebo to the crime scene or to the victim or co-defendant. The only evidence presented at trial linking Mr. Ebo to the incident consisted of Saday Robinson's questionable identification of him. There was no other testimony that Mr. Ebo was present at the crime scene, that he ever had contact with the murder weapon, or that he even knew the victim or the co-defendant, much less interacted with them during this incident. Robinson's testimony and her identification of Mr. Ebo were vague, tenuous, and uncertain at best. Robinson was only able to identify Mr. Ebo as a participant in this incident fourteen months after the incident.

Respondents' Exhibit 31

Although she had been shown photo arrays multiple times over the fourteen month period, she never identified Mr. Ebo until one month before trial. Additionally, Robinson's testimony was so incredible that it simply cannot support the verdict. During the fourteen months prior to Robinson's identification of Mr. Ebo, she had the opportunity to look into news stories and social media postings on this matter. She also discussed this incident with people in the community who informed her who they thought participated in this murder. Thus, she was likely influenced to identify Mr. Ebo since he was a suspect awaiting trial on this matter. Moreover, Robinson's story was completely untrustworthy because she presented incredible testimony under oath. She initially accused a different person of committing murder in this matter, she admitted to lying to police officers about this incident, the description that she provided of the perpetrator did not match Mr. Ebo's description, and her description of what occurred changed over time. She also testified about her lack of internet access during this time period, even though she had a Facebook account with postings on it regarding her young child. There was limited testimony from law enforcement that another individual, who received substantial payments for his participation in this investigation, may have identified Mr. Ebo as a suspect; however, this person never testified under oath regarding his alleged identification so it is unclear whether he could identify Mr. Ebo. Robinson was the only person who could identify Mr. Ebo at trial as participating in the incident. Her testimony was the only evidence linking Mr. Ebo to this crime, but her testimony was so incredible that basing a conviction on this meager evidence shocks the conscience.

B. Mr. Ebo is entitled to a new trial due to the discovery violations involving the photo arrays presented to Saday Robinson. Robinson testified regarding a photo array that had not been provided to defense counsel. Law enforcement confirmed that there were multiple officers performing tasks on this case and showing different people multiple photo arrays. No one was in charge of monitoring what was occurring with these photo arrays. Law enforcement noted at trial that there was evidence that was not provided to the defense. Since Robinson was the only eyewitness to testify regarding Mr. Ebo's involvement in this case and there was no physical evidence tying Mr. Ebo to this case, it was imperative for the defense to have all information pertaining to the identification of Mr. Ebo by Robinson. This information was necessary for the defense to properly cross-examine Robinson. As such, Mr. Ebo was prejudiced and he is entitled to a new trial.

WHEREFORE, Mr. Ebo, through Appellate Counsel, respectfully submits the within Supplemental Post-Sentence Motion.

3

Respondents' Exhibit 31

Respectfully submitted:

ELLIOT HOWSIE
Public Defender

SUZANNE M. SWAN
Chief—Appellate Division

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. # 93388

Respondents' Exhibit 31

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :     CRIMINAL DIVISION

v.     :     CC 201202821

MATTHEW EBO,

        Defendant.

## CERTIFICATE OF SERVICE

I, Jessica L. Herndon, Assistant Public Defender, hereby certify that on the _19th_ day of _April_, 2013, the Supplemental Post-Sentence Motion was served on the following persons by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121 (Filing and Service) and Pa.R.Crim.P. 576 (Filing and Service by Parties):

The Honorable Beth A. Lazzara  
510 Allegheny County Courthouse  
436 Grant Street  
Pittsburgh, PA  15219

Thomas McCaffrey, Esquire  
Criminal Court Administrator  
535 Allegheny County Courthouse  
436 Grant Street  
Pittsburgh, PA  15219

Steven Stadtmiller, Esquire  
Office of the District Attorney  
301 Allegheny County Courthouse  
436 Grant Street  
Pittsburgh, PA  15219

JESSICA L. HERNDON  
Assistant Public Defender  
*Counsel of Record*  
PA I.D. # 93388

LAW OFFICE OF THE PUBLIC DEFENDER  
400 County Office Building  
542 Forbes Avenue  
Pittsburgh, PA  15219-2904  
(412) 350-2403

Respondents' Exhibit 31

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | CRIMINAL DIVISION |
| v. : | CC 201202821 |
| MATTHEW EBO, : | |
| Defendant. : | |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2013, after due consideration of the Supplemental Post-Sentence Motion filed by the defense in the above-captioned matter, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

_____
_____
_____.

BY THE COURT:

_____, J.

FILED
2012 DEC 19 PM 2:30
DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

12 DEC 19 PM 2:51



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| v. | CC 201202821 |
| MATTHEW EBO, | |
| Defendant. | |

**POST-SENTENCE MOTIONS *NUNC PRO TUNC*; MOTION FOR LEAVE TO FILE SUPPLEMENTAL POST-SENTENCE MOTIONS *NUNC PRO TUNC*; MOTION FOR AN EXTENSION OF TIME TO DECIDE ALL OF THE POST-SENTENCE MOTIONS *NUNC PRO TUNC*; AND MOTION FOR THE IMMEDIATE PRODUCTION OF THE TRANSCRIPTS**

AND NOW, comes the Defendant, MATTHEW EBO, by and through his counsel, Jessica L. Herndon, Assistant Public Defender; Suzanne M. Swan, Chief—Appellate Division; Elliot Howsie, Public Defender; and the Law Office of the Public Defender, who files the within Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of the Transcripts and avers the following:

# APPENDIX A

Respondents' Exhibit 31

1. On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and various other crimes.

2. On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

3. Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4. On November 28, 2012, Mr. Ebo proceeded to sentencing. This Honorable Court sentenced Mr. Ebo to life imprisonment.

5. On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6. Post-sentence motions were due no later than December 8, 2012, but no post-sentence motions were filed on Mr. Ebo's behalf.

7. The Order granting Mr. McKinney's Motion to Withdraw and appointing the Public Defender's Office was not filed until December 12, 2012. This is past the ten day period for Mr. Ebo to file timely post-sentence motions.

8. The Public Defender's Office was not provided with this Order until a relative of Mr. Ebo presented the Office with a copy of the Order after the time to file post-sentence motions expired.

9. Undersigned Counsel is filing these motions in conjunction with an Emergency Petition for Leave to File Post-Sentence Motions *Nunc Pro Tunc* since the Public Defender's Office was not appointed and/or notified of its appointment in a timely manner and Mr. Ebo lost his right to file timely post-sentence motions.

## POST-SENTENCE MOTIONS *NUNC PRO TUNC*

10. Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings. Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo. As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case.

11. However, under Pennsylvania law, unless certain claims are raised in post-sentence motions, they are waived on appeal. For instance, "a challenge to the weight of the evidence must be raised with the trial judge or it will be waived. Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion." Pa.R.Crim.P. 607, *Comment*.

12. Therefore, Undersigned Counsel is filing general post-sentence motions in this case in order to protect and defend Mr. Ebo's absolute constitutional rights to a direct appeal and the effective assistance of counsel.

   A. The jury verdict on the various charges, including Murder of the First Degree, Robbery, Firearms Not to be Carried Without a License, Possession of a Firearm Prohibited, and Conspiracy was against the weight of the evidence.

      i. The evidence was so unreliable, vague, and untrustworthy that the trial court should have rejected it.

Respondents' Exhibit 31

B. The sentence imposed was unjust, unreasonable, and manifestly excessive. The sentence imposed was also contrary to the Sentencing Code, 42 Pa.C.S.A. §§ 9701-9909, and the fundamental norms underlying the sentencing process.

   i. The Trial Court failed to consider and apply all the required factors under 42 Pa.C.S.A. § 9721 (Sentencing Generally) and 42 Pa.C.S.A. § 9781 (Appellate Review of Sentence). The Trial Court did not adequately consider Mr. Ebo's character and/or his need for rehabilitation. Thus, the sentence imposed was based on improper factors and/or not based on all the relevant and proper factors.

   ii. The sentencing decision was based solely on the nature and facts of the case and the seriousness of the crimes.

   iii. The Trial Court failed to put adequate reasons on the record to justify the sentencing decision.

Respondents' Exhibit 31

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL POST-SENTENCE MOTIONS *NUNC PRO TUNC*

13. "The defendant may file a supplemental post-sentence motion in the judge's discretion so long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3)." Pa.R.Crim.P. 720(B)(1)(b).

14. Undersigned Counsel respectfully requests this Honorable Court to enter an order granting leave to file supplemental post-sentence motions in accordance with Pa.R.Crim.P. 720(B)(1)(b).

15. Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings. Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo. As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case.

16. Moreover, Undersigned Counsel will need to file supplemental post-sentence motions in order to ensure that all claims and requests for relief are "stated with specificity and particularity...." Pa.R.Crim.P. 720(B)(1)(a).

17. Undersigned Counsel respectfully requests this Honorable Court to enter an order granting 21 days from the receipt of all the transcripts in Mr. Ebo's case to file supplemental post-sentence motions or a statement that no additional claims will be raised.

## MOTION FOR AN EXTENSION OF TIME TO DECIDE ALL OF THE POST-SENTENCE MOTIONS *NUNC PRO TUNC*

18. "Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a).

19. "Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion." Pa.R.Crim.P. 720(B)(3)(b).

20. Undersigned Counsel and the Law Office of the Public Defender did not represent Mr. Ebo at trial or sentencing and Undersigned Counsel has not received the transcripts from those proceedings. Additionally, Undersigned Counsel has not had an opportunity to discuss the case with Mr. Ebo. As a result, Undersigned Counsel has very little knowledge or information concerning Mr. Ebo's case. Furthermore, Undersigned Counsel intends to file supplemental post-sentence motions or a statement that no additional claims will be raised. Accordingly, it is imperative that an adequate period of time be afforded to review and rule on all of the post-sentence motions, including any supplemental post-sentence motions, filed in Mr. Ebo's case.

21. Undersigned Counsel respectfully requests this Honorable Court to enter an order granting a 30-day extension to decide all of the post-sentence

motions, including any supplemental post-sentence motions, filed in Mr. Ebo's case.

Respondents' Exhibit 31

## **MOTION FOR THE IMMEDIATE PRODUCTION OF THE TRANSCRIPTS**

22. In order to expedite the filing of supplemental post-sentence motions or a statement that no additional claims will be raised, as well as to protect and defend Mr. Ebo's absolute constitutional rights to a direct appeal and the effective assistance of counsel, Undersigned Counsel respectfully requests this Honorable Court to enter an order directing that the following transcripts from the proceedings in Mr. Ebo's case be produced forthwith:

- Hearing on Motion to Amend (6-7-12) – Reporter: Michelle Maglicco
- Hearing on Motion for Bond (6-13-12) – Reporter: Deborah Betzler
- Hearing on Motion to Introduce Evidence (7-27-12) – Reporter: Denise Zwick
- Hearing on Motion Relating to Count Five (8-22-12) – Reporter: Janet Barto
- Jury Trial (8-22-12 through 9-4-12) – Reporter: Janet Barto
- Hearing on Motion for Relief (10-5-12) – Reporter: Judith Dobies
- Sentencing Hearing (11-28-12) – Reporter: Mary Spagnolo

WHEREFORE, Mr. Ebo, through Undersigned Counsel, respectfully requests this Honorable Court to enter an order directing the immediate production of the transcripts from the proceedings in Mr. Ebo's case. Also, Mr. Ebo, through Undersigned Counsel, respectfully requests this Honorable Court to enter an order granting 21 days from the receipt all the transcripts to file supplemental post-sentence motions or a statement that no additional claims will be raised. Finally, Mr. Ebo, through Undersigned Counsel,

Respondents' Exhibit 31

respectfully requests this Honorable Court to enter an order granting a 30-day extension beyond the 120-day disposition period to rule on all the post-sentence motions.

Respectfully submitted:

ELLIOT HOWSIE
Public Defender

SUZANNE M. SWAN
Chief—Appellate Division

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

Respondents' Exhibit 31

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : CRIMINAL DIVISION
: 
v. : CC 201202821
: 
MATTHEW EBO, :
: 
Defendant. :

## CERTIFICATE OF SERVICE

I, Jessica L. Herndon, Assistant Public Defender, hereby certify that on the _19th_ day of _December_, 2012, the Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of the Transcripts was served on the following persons by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121 (Filing and Service) and Pa.R.Crim.P. 576 (Filing and Service by Parties):

The Honorable Beth A. Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Mark Tranquilli, Esquire
Office of the District Attorney
301 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Thomas McCaffrey
Criminal Court Administrator
535 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

JESSICA L. HERNDON
Assistant Public Defender
*Counsel of Record*
PA I.D. 93388

LAW OFFICE OF THE PUBLIC DEFENDER
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219-2904
(412) 350-2403

Respondents' Exhibit 31

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  :  CRIMINAL DIVISION

v.  :  CC 201202821

MATTHEW EBO,

    Defendant.

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2012, after due consideration of the Post-Sentence Motions *Nunc Pro Tunc*; Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*; Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*; and Motion for the Immediate Production of Transcripts, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

The Motion for Leave to File Supplemental Post-Sentence Motions *Nunc Pro Tunc*, the Motion for an Extension of Time to Decide All of the Post-Sentence Motions *Nunc Pro Tunc*, and the Motion for the Immediate Production of the Transcripts are hereby **GRANTED**.

The Court Reporter, Michelle Maglicco (Hearing on Commonwealth Motions to Amend: 6-7-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Deborah Betzler (Hearing on Defense Motion for Bond: 6-13-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Denise Zwick (Hearing on Commonwealth Motions on Evidence: 7-27-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Janet Barto (Hearing on Count Five: 8-22-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

Respondents' Exhibit 31

The Court Reporter, Janet Barto Jury Trial: 8-22-12 through 9-4-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Judith Dobies (Hearing on Defense Motion for Extraordinary Relief: 10-5-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

The Court Reporter, Mary Spagnolo (Sentencing Hearing: 11-28-12), is hereby **DIRECTED** to prepare the transcripts and properly file and serve them on this Court and Undersigned Counsel for the Defendant by the _____ day of _____, 2013.

Undersigned Counsel for the Defendant **SHALL** be permitted 21 days from the receipt of all the transcripts to file supplemental post-sentence motions or a statement that no additional claims will be raised.

A 30-day extension beyond the 120-day disposition period to rule on all of the post-sentence motions **SHALL** be permitted.

BY THE COURT:

_____, J.

Respondents' Exhibit 31