IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202821 |
| MATTHEW EBO | COMMONWEALTH'S ANSWER/MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S POST SENTENCE MOTIONS |

Code: _____

Filed on Behalf of the
Commonwealth of Pennsylvania

Counsel of Record for the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By

Steven M. Stadtmiller
Deputy District Attorney
Pa. I.D. No. 53332

Office of the District Attorney
of Allegheny County
401 Courthouse
Pittsburgh, Pennsylvania 15219

(412) 350-4406

Respondents' Exhibit 32

## COMMONWEALTH'S ANSWER/MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S POST SENTENCE MOTIONS

TO THE HONORABLE, THE JUDGES OF SAID COURT:

AND NOW, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully represents the following:

1. On November 28, 2012, this Court sentenced defendant at the above captioned case to Life in prison plus 45 ½ - 91 years, to be served consecutively to the Life sentence;

2. On December 19, 2012, Defendant filed an Emergency Petition for Leave to file Post-Sentence Motions Numc Pro Tunc and simultaneously filed post-sentence motions *nunc pro tunc* with said petition;

3. On December 21, 2012, this Court granted Defendant's Motions for leave to File Supplemental Post-Sentence Motions Nunc Pro Tunc, Motion for Extension of Time to Decide All of the Post-Sentence Motions Nunc Pro Tunc and Motion for the Immediate Production of Transcripts. The Court also permitted Defendant 21 days from the receipt of all transcripts to file supplemental post-sentence motions, and granted a 30-day extension beyond the 120-day disposition period to rule on all of the post-sentence motions;

Respondents' Exhibit 32

4. On April 19, 2013, Defendant filed Supplemental Post-Sentence Motion;

5. Pennsylvania Rule of Criminal Procedure 720 B(1)(b) allows a defendant to file supplemental post sentence motions within the Judge's discretion, as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3);

6. The time limits for decision on motion in paragraph (B)(3) allows the Court to grant one 30-day extension beyond the original 120 day time requirement in which to decide said motions. If the judge fails to decide the motion within this 150 day period following the date the motion was filed, the motion shall be deemed denied by operation of law;

7. The Commonwealth respectfully submits that this 150 day period expired on May 18, 2013, and accordingly, said post-sentence motions are denied by operation of law, pursuant to Pa.R.C.P 720 (B)(3)(b);

8. In the event that the post-trial motions and supplemental post-trial motions in this case have not been denied by operation of law as argued above, the Commonwealth submits that the jury verdict was not against the weight of the evidence. Evidence was presented at trial the defendant was identified via photo array by two independent eye witnesses as having been one of two men that shot and killed Todd Mattox (Trial Transcript pp 365, 1028, 1031, 1037, 1143). The jury was presented with the eye witness identifications by Saday Robinson and Richard Carpenter, and obviously chose to believe said evidence depicting defendant being responsible for the shooting death of the victim in this case;

9. The Court was present to hear the testimony of the witnesses, especially that of

Respondents' Exhibit 32

Saday Robinson, and was able to judge the credibility and admissibility of all evidence in this case. In no way was the evidence in this case unreliable, vague or untrustworthy such that the trial court should have rejected it, as requested in defendant's post sentence motion;

10. The Court reviewed the pre-sentence report in this case and heard the violent nature of the crimes committed by defendant, and stated reasons on the record for the sentence given. As such, the sentence imposed by the Court was not contrary to the fundamental norms underlying the sentencing process, as claimed by defendant in his post-sentence motion;

11. The jury verdict on all counts was not against the weight of the evidence, accordingly, defendant is not entitled to a new trial as claimed by defendant in his supplemental post-sentence motion. Defendant argues that the only evidence presented at trial was the testimony of Saday Robinson. Even if that were true, the testimony of this one eye witness was so compelling that the jury it seems chose to believe this witness and convict defendant of all charges. The reasons for her failure to originally identify Ebo in the 14 months following this Homicide were repeatedly made very clear to the jury, in that she was too frightened to get involved despite having seen the entire event, until she moved out of state and felt safe enough to tell the police and the jury what she had seen. The fear still present in the witness was evidenced clearly before this jury, as the witness shook uncontrollably with fear for hours as she testified in this case. However, there was more than the testimony of Ms. Robinson connecting defendant to this Murder. As cited above in paragraph nine, the jury was repeatedly told that there

Respondents' Exhibit 32

was a second eye witness that had identified Mr. Ebo from a photo array as being one of the shooters that caused the death of Todd Mattox;

12. The Commonwealth does not concede that there was any discovery violation in this case regarding photo arrays shown to Saday Robinson. The attorney for the Commonwealth gave over to defense any and all discoverable materials in its possession, and repeatedly fulfilled the continuing duty to disclose all materials as the case continued to be investigated in the months leading up to the trial. However, even if there were any discovery violation that may have occurred in this case regarding photo arrays, it should not entitle defendant to a new trial as claimed in defendant's supplemental post-sentence motion. At trial, the Court heard argument and testimony on the issue surrounding all photo arrays of defendant Ebo shown to Saday Robinson, and deemed that any alleged discovery violation was cured and as such, allowed Ms. Robinson to testify at trial. Additionally, any claim of a discovery violation relating to photo arrays in this trial surrounded a late arriving photo array involving defendant Crumbley, not defendant Ebo. This alleged error could not affect defendant Ebo in any way. Accordingly, defendant's request for a new trial based upon this allegation should be denied;

WHEREFORE, based upon the foregoing, the Commonwealth respectfully submits that defendant's post-sentence motions and supplemental post-sentence motion are denied by operation of law and requests that the Court enter an Order directing the clerk of courts to forthwith enter an order on behalf of the Court that post sentence motions in this case are deemed denied, pursuant to and in compliance with Pa.R.C.P. 720 (B)(3)(b) and 720 (B)(3)(c). In the alternative, the Commonwealth requests that this Honorable Court enter an Order denying Defendant's Post Sentence Motion and Supplemental Post Sentence Motion.

Respectfully submitted,

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By: *[signature]*
STEVEN M. STDTMILLER
DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 32

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202821 |
| MATTHEW EBO | |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2013, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Post Sentence Motion and Supplemental Post Sentence Motion are denied by operation of law pursuant to Pa.R.C.P. 720 (B)(3)(b). Acordingly, the clerk of courts is Ordered forthwith to ender an order on behalf of the Court that said post sentence motions are deemed denied, in accordance with Pa.R.C.P. 720 (B)(3)(c).

BY THE COURT:

_____,J.

Respondents' Exhibit 32

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLLVANIA          CRIMINAL DIVISION

    VS.                                CC 201202821

  MATTHEW EBO

### ORDER OF COURT

AND NOW, to-wit, this ____ day of _____, 2013, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's post sentence motion and supplemental post sentence motion are DENIED.

BY THE COURT

_____, J.

Respondents' Exhibit 32

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2013, I have caused to be mailed a true and correct copy of the within answer/memorandum of law in response to Defendant's post sentence motion and supplemental post sentence motion to:

Jessica L. Herndon, Esquire
Office of the Public Defender
County Office Building
Pittsburgh, PA 15219

Thomas McCaffrey, Esquire
Criminal Court Administrator
535 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

The Honorable Beth A. Lazzara
Fifth Floor
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Steven M. Stadtmiller
Deputy District Attorney

Respondents' Exhibit 32