Received 08/05/2015 Superior Court Western District
Filed 08/05/2015 Superior Court Western District
1194 WDA 2013

IN THE SUPERIOR COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
|     Appellee, | : | |
| | : | |
| v. | : | 1194 WDA 2013 |
| | : | |
| MATTHEW EBO, | : | |
|     Appellant | : | |

### PETITION FOR REMAND TO THE TRIAL COURT BASED ON AFTER-DISCOVERED EVIDENCE IN ACCORDANCE WITH PA.R.CRIM.P., RULE 720(C)

AND NOW COMES the Appellant, MATTHEW EBO, by his attorneys from the Office of the Public Defender of Allegheny County; Elliot Howsie, Public Defender; Brandon Ging, Deputy – Appellate Division; and Jessica L. Herndon, Appellate Counsel, and respectfully requests that this Honorable Court grant this

Respondents' Exhibit 40

Petition for Remand to the Trial Court Based on After-Discovered Evidence in Accordance with Pa.R.Crim.P., Rule 720(c), whereof the following is a statement:

1. On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and various other crimes.

2. On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

3. Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4. On November 28, 2012, Mr. Ebo was sentenced to life imprisonment.

5. On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6. The Office of the Public Defender was appointed to represent Mr. Ebo on December 12, 2012.

7. On December 19, 2012, Undersigned Counsel requested permission to file a Post-Sentence Motion *Nunc Pro Tunc* and requested leave to supplement the Post-Sentence Motion once she received the transcripts.

8. On December 21, 2012, the trial court granted the Motion and directed Mr. Ebo to file any amendments or supplements to the Post-Sentence Motion within twenty-one days of receipt of the transcripts.

Respondents' Exhibit 40

9. Counsel received the final transcript on April 12, 2013.

10. A timely Supplemental Post-Sentence Motion was filed on April 19, 2013.

11. The Post-Sentence Motion was denied by operation of law on July 9, 2013.

12. A timely Notice of Appeal was filed on July 25, 2013.

13. The trial court issued an Order dated July 30, 2013, directing Appellate Counsel to file a Statement of Errors on or before August 20, 2013.

14. A Statement of Errors was filed on August 20, 2013.

15. The trial court filed its Opinion on June 25, 2014.

16. The Brief for Appellant was timely filed on December 11, 2014 and the Brief for Appellee was timely filed on January 22, 2015.

17. At some point during the appellate process, Saday Robinson, the only eyewitness to the homicide to testify on behalf of the Commonwealth during trial, contacted co-defense counsel about recanting her trial testimony. Co-defense counsel obtained a video recorded statement from Ms. Robinson, taken by investigator, Barry Fox. *See* Brief for Appellant in *Commonwealth v. Crumbley*, 1997 WDA 2012, filed May 7, 2015, at 60-61. The video recorded statement of Saday Robinson is attached to this Motion as Exhibit A.

Respondents' Exhibit 40

18. On July 29, 2015, Appellate Counsel received and reviewed the video recorded statement by Saday Robinson. In the video, Ms. Robinson states that she lied under oath during trial and she did not see Mr. Ebo shoot the victim. Rather, prior to identifying him as the perpetrator, she looked online and saw a picture of Mr. Ebo as the suspect in this case. These exonerating statements by Ms. Robinson qualify as after-discovered evidence under Pennsylvania Rule of Criminal Procedure 720(c).

19. Pursuant to Rule 720(c), a post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after its discovery. Pa.R.Crim.P., Rule 720(c).

20. When after-discovered evidence is discovered during the direct appeal phase, defense counsel should follow the procedure as enunciated in Rule 720(c) by promptly petitioning the Superior Court for a remand to the trial court for the trial court's consideration of the evidence. *Commonwealth v. Rivera*, 939 A.2d 355, 358-59 (Pa. Super. 2007).

21. Since Counsel first obtained this evidence on July 29, 2015, Counsel is promptly filing this Motion requesting a remand to the trial court so the court can consider this exonerating evidence by Ms. Robinson.

22. This matter should be remanded to the trial court for an evidentiary hearing to address whether Mr. Ebo is entitled to a new trial. Based on the

exonerating information contained in the video recording, Mr. Ebo is entitled to a hearing in the trial court so he can present evidence and substantiate his claim for a new trial. This also provides the trial court with an opportunity to assess the witnesses and decide if a new trial is warranted based on the evidence presented.

23. At the hearing, Mr. Ebo would present the testimony of 1) Saday Robinson, the only eyewitness to testify at trial, regarding her recantation and her motives for lying about Mr. Ebo's involvement in this homicide and 2) Barry Fox, the investigator who obtained the video statement from Ms. Robinson. *See Commonwealth v. Castro*, 93 A.3d 818, 827 (Pa. 2014) (a motion for a new trial based on after-discovered evidence must describe the evidence that will be presented at the hearing).

24. The recent case, *Commonwealth v. Perrin*, 108 A.3d 50, 52-54 (Pa. Super. 2015), provides guidance and support to Mr. Ebo's request for a remand. In *Perrin*, this Honorable Court remanded the case to the trial court for an evidentiary hearing to determine whether a new trial was warranted based on new evidence contained in a document, indicating that a witness lied about the defendant's involvement in the crimes. In the present case, the exonerating evidence of Saday Robinson's recantation strongly points to Mr. Ebo's innocence and, like this Court held in *Perrin,* this case should be remanded so Mr. Ebo can address this claim for a new trial before the trial court. In *Perrin*, this Honorable Court noted that it need

Respondents' Exhibit 40

not decide whether a new trial was warranted, since that would need to be done in the trial court after the court reviewed and assessed the new evidence presented. *Id.* at 52. This Court noted, "We agree that it is not clear from the scant evidence before us that Appellant is entitled to a new trial. However, we need not decide these issues in the first instance." *Id*.

25. If the case is remanded, the trial court must decide whether a new trial is merited based on the exonerating evidence presented by the defense. "To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely." *Rivera,* 939 A.2d at 359 (citation omitted). At an evidentiary hearing, the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. *Id*.

26. Mr. Ebo submits that an evidentiary hearing is necessary to provide evidence on the record that will allow the trial court to adequately assess whether these four factors have been met. However, even based on Ms. Robinson's statements in the video, a new trial is warranted.

Respondents' Exhibit 40

27.     In the present case, this evidence could not have been obtained prior to the conclusion of trial by reasonable diligence.  Ms. Robinson did not come forward at any point prior to or during trial regarding what she actually witnessed.  Prior to trial, Ms. Robinson was under witness protection by the Commonwealth and had been relocated so she was unavailable.  Also, Ms. Robinson refused to speak with defense counsel prior to trial.  It was not until after trial, during the appeal process, that Ms. Robinson came forward with recantation evidence and the reasons why she lied about Mr. Ebo's involvement in this incident.  This information could not have been obtained by due diligence prior to the conclusion of trial.

28.     Additionally, Ms. Robinson's testimony would not be cumulative or mere impeachment evidence as it is substantive, exonerating eyewitness testimony that Mr. Ebo did not commit this crime.  Mr. Ebo contended that he was not the person who committed the homicide; however, Ms. Robinson testified that she saw him do it.  That was the only evidence against Mr. Ebo.  Ms. Robinson never testified regarding this exculpatory evidence so it is not cumulative of any other evidence presented.  Also, it is not merely impeachment evidence.  This new and different evidence indicates that Mr. Ebo did not commit this crime.  Mr. Ebo would not be using this exonerating evidence to impeach another witness since there were no other witnesses who testified that they saw Mr. Ebo participate in

Respondents' Exhibit 40

this crime. In fact, there was no other evidence connecting Mr. Ebo to this incident in any way.

29. The Pennsylvania Supreme Court case, *Commonwealth v. McCracken*, 659 A.2d 541, 549-550 (Pa. 1995), provides guidance here since that case also involves the recantation testimony of the main eyewitness. In *McCracken*, the Pennsylvania Supreme Court held that testimony by an eyewitness, who identified the defendant and subsequently recanted, was not cumulative given the tenuous nature of the circumstantial evidence connecting the defendant to the crime and the inability of any other witness to make a positive identification of the perpetrator. *Id.* at 549. The Court ordered a new trial based on the after-discovered evidence. *Id.* at 552. The Pennsylvania Supreme Court stated in *McCracken*, "In this case, where the only Commonwealth witness who identified the perpetrator has recanted his testimony, such evidence can not be considered cumulative or corroborative because the defendant claimed that he did not commit the crime in question. This was the essence of Appellant's defense and the ultimate question in Appellant's trial. Thus, [the witness'] recantation is neither cumulative, corroborative, nor for impeachment purposes." *Id.* at 549-50.

30. Finally, Mr. Ebo contends that the evidence is of such a nature and character that a different outcome is likely since the evidence exonerates Mr. Ebo. Ms. Robinson's testimony would likely result in an acquittal as the evidence of

8

guilt against Mr. Ebo was far from overwhelming. The only evidence tying Mr. Ebo to this incident consisted of Ms. Robinson's identification of him as the perpetrator. The fact that she now is stating that Mr. Ebo did not shoot the victim means that there is no evidence connecting Mr. Ebo to this incident. *See Commonwealth v. Mosteller,* 284 A.2d 786, 788-89 (Pa. Super. 1971) (a defendant's conviction was based solely on the testimony of one witness and the subsequent recantation of that witness necessitated a new trial). Without Ms. Robinson's identification, the Commonwealth cannot meet its burden of proving that Mr. Ebo was the perpetrator. This information would have been critical during trial since the Commonwealth had no other evidence tying Mr. Ebo to this incident and Ms. Robinson's testimony that Mr. Ebo was not the perpetrator would have supported the defense that Mr. Ebo did not commit the crime. Without any evidence against him, Mr. Ebo would have been entitled to an acquittal.

31. The interests of justice require the grant of relief to Mr. Ebo in this unusual situation. There is a substantial danger that Mr. Ebo was not the perpetrator and he was wrongly convicted. Ms. Robinson can prove that Mr. Ebo is innocent. Therefore, a remand for an evidentiary hearing is imperative in order to present the testimony of Saday Robinson and Barry Fox, so this issue can be explored and resolved by the trial judge.

Respondents' Exhibit 40

WHEREFORE, Appellate Counsel respectfully requests that this Honorable Court remand to the trial court for an evidentiary hearing.

Respectfully submitted,

ELLIOT HOWSIE
Public Defender

BRANDON GING
Deputy – Appellate Division

*/s/ Jessica L. Herndon*
JESSICA L. HERNDON
Appellate Counsel

ATTORNEYS FOR APPELLANT

IN THE SUPERIOR COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Appellee, | : | |
| | : | |
| v. | : | 1194 WDA 2013 |
| | : | |
| MATTHEW EBO, | : | |
| Appellant | : | |

**PROOF OF SERVICE**

I, JESSICA L. HERNDON, ASSISTANT PUBLIC DEFENDER, hereby certify that on the 5th day of August, 2015, the Petition for Remand to the Trial Court Based on After-Discovered Evidence in Accordance with Pa.R.Crim.P., Rule 720(c) was served on the following person by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121:

Michael W. Streily, Esquire
District Attorney's Office
301 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Respectfully submitted,

*/s/ Jessica L. Herndon*
JESSICA L. HERNDON
Appellate Counsel
PA I.D. # 93388

Respondents' Exhibit 40