FILED

15 NOV 25 PM 1:55

DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202821 |
| MATTHEW EBO | COMMONWEALTH'S BRIEF IN OPPOSITION TO DEFENSE REQUEST FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE |

Code: _____

Filed on Behalf of the
Commonwealth of Pennsylvania

Counsel of Record for the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By

Steven M. Stadtmiller
Deputy District Attorney
Pa. I.D. No. 53332

Office of the District Attorney
of Allegheny County
401 Courthouse
Pittsburgh, Pennsylvania 15219

(412) 350-4406

Respondents' Exhibit 43

COMMONWEALTH BRIEF IN OPPOSITION TO GRANT OF NEW TRIAL

TO THE HONORABLE, THE JUDGES OF SAID COURT:

    AND NOW, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and STEVEN M. STADTMILLER, Deputy District Attorney, and respectfully represents the following:

FACTS

    On September 4, 2012, defendant Matthew Ebo was convicted by a jury of his peers of Murder in the First Degree, Robbery, Robbery of a Motor Vehicle and Possession of a Firearm Without a License. Commonwealth witness Saday Robinson testified at the joint trial against Matthew Ebo and Thaddeus Crumbley, identifying both actors as the two gun men responsible for the shooting death of Todd Mattox. On November 28, 2012, defendant Ebo was sentenced to Life in prison plus and aggregate 46-92 years consecutive to his life sentence. Defendant has filed a timely appeal.

    By Order dated August 6, 2015, the case was remanded from the Superior Court of Pennsylvania to this Honorable Court, directing that this Court conduct an evidentiary hearing to determine whether a new trial is warranted based upon after discovered evidence.

    On October 29, 2015, an evidentiary hearing was held, at which the sworn

Respondents' Exhibit 43

0490

testimony of Saday Robinson was heard. At this hearing, defendant also entered into evidence, as defense exhibit A, a handwritten letter dated November 12, 2014 signed by Saday Robinson, in which Ms. Robinson claims that she lied on the stand at the above mentioned jury trial held two years prior. At this hearing, defendant also entered into evidence defense exhibit B, a video recorded statement of Saday Robinson which was taped during approximately the same time frame as the above mentioned November, 2012 letter. In this recorded statement, Ms. Robinson again claims to have lied on the stand at said jury trial.

On October 29, 2015, Saday Robinson testified under oath at the evidentiary hearing on this case, claiming that her testimony at the 2012 jury trial was truthful and that she had correctly identified Ebo and Crumbley as the men who shot and killed Mr. Mattox. Robinson testified that Defense Exhibits A and B were fabricated and the only reason she had recanted her identification in the letter and video offered by defense was because she was first offered $25,00.00 to do so, and she was told that she would be killed if she refused the requests to write the letter and make the video. Ms. Robinson admitted writing the letter and to recording the video in November of 2014, but stated that she only did so because she was under the duress of said bribe and death threat, that the contents of the recanting statements contained in defense exhibits A and B were not truthful, and that she had testified truthfully at the 2012 trial at which she identified both Ebo and Crumbley as the men who killed Mr. Mattox.

During her testimony on October 29, 2015, Ms. Robinson once again identified Ebo and Crumbley in open court as the men responsible for shooting and killing Mattox.

For the reasons that follow, because the after discovered/newly discovered

Respondents' Exhibit 43

evidence of Saday Robinson recanting her trial testimony, submitted during the above evidentiary hearing as defense exhibits A and B, is not credible, it should be rejected by the Court. Accordingly, defendant's request for a new trial based on after discovered evidence should be denied.

## ARGUMENT

I. <u>THE TESTIOMNY OF SADAY ROBINSON GIVEN AT THE 2012 JURY TRIALWAS CREDIBLE.</u>

During her testimony at the 2012 jury trial, Saday Robinson identified Matthew Ebo (Trial Transcript, pp. 527, 531) and Thaddeus Crumbley (Trial Transcript p. 533) as the individuals she observed shoot and kill the victim Todd Mattox. Ms. Robinson also testified that she had no trouble seeing the face of either defendant (TT p. 536) and that she recognized both actors, having seen them on two or three occasions prior to the day of this murder (TT p. 537). When asked how good a look she got at defendant Crumbley during the shooting, she responded "I got a good look" (TT p. 538). Additionally, Ms. Robinson testified that, even though she recognized both defendants when shown photo arrays by the police, that she refused to identify anyone due to fear for her own safety (TT pp. 536, 548, 639). Once she had moved out of state 15 months later, she then felt comfortable enough to make the pre-trial photo identification and to testify to their identity at trial (TT p. 550).

The case against defendant Ebo was remanded for an evidentiary hearing so that

Respondents' Exhibit 43

this Court may determine whether a new trial is warranted based on after discovered evidence (recant of Saday Robinson contained in defense exhibits A and B of October 29, 2015 hearing). The case was remanded for an evidentiary hearing because the trial Court is in the best position to judge the credibility and significance of such recantations in light of the evidence as a whole, and to assess such credibility in light of the trial record. *Commonwealth v. D'Amato*, 586 A.2d 806, 826 (Pa. 2004); *Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999); *Commonwealth v. Washington*, 927 A.2d 597 (Pa. 2007). The trial Court observed the witness testify at length during pre-trial motions and for hours at trial during direct and cross examination. The Court was able to observe the demeanor of the witness, her willingness to answer questions and to observe her body language in assessing her credibility at trial. The Court was in the position to observe the witness on the stand at trial as she shook uncontrollable throughout her entire testimony. We would submit that the trial testimony of Saday Robinson was credible, logical in light of the circumstances surrounding the entire trial and was corroborated by other evidence in the case. It is submitted that the jury must have judged this credibility as well in reaching its verdict, after having the opportunity to judge the credibility in light of the all testimony and evidence presented at trial. Once she felt that she was in a safe place and no longer in danger, Saday Robinson testified at trial, under oath, in what we would describe as a very credible and believable manner.

II. <u>THE 2014 AFTER DISCOVERED TAPE AND LETTER OF SADAY ROBINSON ARE NOT CREDIBLE AND SHOULD NOT PROVIDE THE BASIS FOR GRANTING A NEW TRIAL.</u>

This Court has also had the opportunity to observe the November 2014 handwritten statement signed by Sadday Robinson and the November 2014 video recording she made with private investigator Barry Fox. Again, the matter was remanded because the trial Court is in the best position to judge the credibility of the newly discovered evidence, having had the opportunity to observe the prior testimony of the witness at trial. The video tape and hand written statement offered by defendant lacks credibility on its face. The demeanor of Robinson on the video is light hearted, almost flippant, other than when she is discussing having seen the victim shot and killed. It should also be noted that the hand written statement and video are almost verbatim copies of each other. That fact, plus the demeanor of Ms. Robinson on the video give the impression that the video was staged and rehearsed, an impression in stark contrast to the demeanor the Court was able to observe of this witness at trial, under oath. The Letter and video are notably not under oath.

It is important to point out that the letter and video (defense exhibit A and B) were made in November of 2014, more than two years after sentencing in this case, after she had moved back from Iowa and was living in Ohio. The Commonwealth suggests that the two year passage of time prior to recanting her testimony call into doubt their credibility. Additionally, the movement of residence closer to the defendant's family and

Respondents' Exhibit 43

associates would have an impact on Ms. Robinson's feeling of security and perhaps frighten her into recanting, a theory that was proved correct by her October 29, 2015 testimony before this Court.

The content of the video and letter lack credibility on their face due to the lack of logic attached to their content. At 7:45 of the video, Robinson claims that when shown the photo array in which she identifies Ebo as one of the shooters in the case, that she did so only because she recognized him from the photo arrays previously shown her by detectives during the investigation years earlier. And, in the hand written letter, Robinson claims she lied on the stand at trial when she identified Ebo as one of the shooters "because I seen the detective looking at me and I didn't want to disappoint the family and the detective". The Commonwealth suggests that these statements defy logic, It is incomprehensible that Robinson would come back from Iowa to testify at this homicide trial, identify Ebo as having murdered Todd Mattox, risk her life in so doing, all for such unbelievable motives. Again, this statement defies logic and we submit lacks credibility in light of all the surrounding circumstances of this case. The content of the video also lacks credibility at 7:20, where Robinson states that, when making her pre-trial photo array identification of Ebo, she claims the police showed her the pictures and said these are the two we arrested, and then asked her, are these the guys? As the Court heard at trial, present in the room during the showing of the photo arrays was ADA Courtney Butterfield, Detective Anthony Perry, Detective Pat Miller and defense counsel Wendy Williams. Such inappropriate suggestiveness in the identification process would have surely been brought to the attention of the Court pre-trial, and it was not, because it didn't happen. It should be noted that, at no time does Robinson claim she could not see Ebo's

Respondents' Exhibit 43

face. In fact, she claims on the tape that following the shooting, Ebo "looked at me in my face".

As mentioned above, the Superior Court has remanded this case for an evidentiary hearing and a determination of whether a new trial is warranted based on after discovered evidence (defense Exhibits A and B submitted during the October 29, 2015 remand hearing on this matter). A prerequisite to granting a new trial based on after/newly discovered evidence requires that "the evidence upon which the relief is sought must be credible to the trial court". *Commonwealth v. Loner*, 836 A.2d 125, 135 (Pa. Super. 2003). The *Loner* case explains that it is up to the trial court to judge the credibility of recanting testimony, finding that credibility is the key when a new trial is sought on the basis if such evidence. "[t]he court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole". *Commonwealth v. D'Amato*, 856 A.2d 806. The rationale being that the trial court (or PCRA court), as fact finder is in a superior position to assess the credibility and significance of such newly discovered evidence in light of the trial record.

Pennsylvania case law has consistently held that after discovered evidence that consists of recanting testimony is exceedingly and notoriously unreliable, especially in cases where the witness claims to have committed perjury. *Commonwealth v. Washington*, 927 A.2d 586, 597 (Pa. 2007); *Commonwealth v. Mosteller*, 284 A.2d 786, 788 (Pa. 1971); *D'Amato*, at 825. "There is no less reliable form of proof, especially when it involves an admission of perjury". *Mosteller*, at 788. "Recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true, and the appellate court will not interfere with an

Respondents' Exhibit 43

order refusing a new trial on this ground in the absence of a plain abuse of discretion". *Commonwealth v. Scull*, 186 A.2d 122, 130 (Pa. Super. 1962); *Mosteller*, at 788. Saday Robinson had no apparent motive to lie at trial or at the October 29, 2015 evidentiary hearing. At both times, she was in a position where she felt safe and that her life was not in danger, and at both times testified consistently under oath that Matthew Ebo was one of two gunmen who shot and killed the victim in this case. On the contrary, as she testified at the evidentiary hearing, at the time she made the video and hand written recantations in November of 2014, she had moved to Ohio and no longer felt safe, in fact her life was threatened if she did not make the requested recantation of her trial testimony. For all of the reasons stated above, the letter and video submitted to the court by defendant as defense exhibits A and B are completely lacking in credibility and as such should be found incredible by this court. Accordingly, defendant Ebo's request for a new trial based on after discovered evidence should be denied.

### III. THE OCTOBER 29, 2015 TESTIMONY OF SADAY ROBINSON WAS CREDIBLE.

On October 29, 2015, Saday Robinson testified, under oath, consistently with her trial testimony and denied the veracity of the recanting statements contained in the defense video and hand written letter submitted at the evidentiary hearing in this case, and repeatedly stated that she only made those statements because she was first offered a significant amount of money to recant her trial testimony and if she refused, she would be killed. (Hearing Transcript pp. 12, 13, 22, 23, 25, 26, 27, 28). In addition to being bribed and having her life threatened, Ms. Robinson testified that she repeatedly moved but that

Respondents' Exhibit 43

"they kept finding me. (HT pp. 23, 26) and if she made the video and the statement they would leave her alone. She also stated that she met with Fox and made the statements because she felt that she "had no choice". (HT p. 12) Ms. Robinson stated further that she never went to the police regarding these bribes and death threats because she thought that if she went to the police that the parties threatening her might follow through with their death threats, and that if she gave the taped statement and wrote the letter, that that would end the ordeal and they would just leave her alone. (HT p. 27).

Robinson also testified that she was incorrect in her assumption that making the tape and letter would make it go away. She became upset when she learned from detective Anthony Perry on September 29, 2015, that her tape and letter would not end the matter and she would have to testify about her statements. It was no small coincidence that Robinson ceased communications at that time with defense investigator Fox and made a decision to accompany Detective Perry to court "to tell the truth" (HT p. 19), and because she did not "want a guilty person out of jail. He belongs in jail...He is guilty". (HT p. 19). The demeanor of the witness at the evidentiary hearing was one of irritation and defiance, during which testimony she repeatedly stated that the tape and letter were both false and coerced lies, and that she testified truthfully at trial when she identified Ebo and Crumbley as the killers in this case, and pointed them out again in court on October 29, 2015, as the men who shot and killed Todd Mattox (HT pp 27, 28).

Saday Robinson had no motive to testify falsely at trial nor did she have any motive to testify falsely at the post trial evidentiary hearing in this case; she had nothing to gain and everything to lose. She did however, have every motivation to fabricate her statements made on the November 2014 video and hand written recantations, she knew

Respondents' Exhibit 43

her life was on the line if she did not say what she was told to say.

Because Saday Robinson has now vehemently stated under oath that the tape and/or letter are false, were the court to grant a new trial based upon her hand written and video recantations, such evidence would only be used for impeachment purposes at any future trial. As such, this evidence fails the four part test laid out in *D'Amato*. At 823. However, for all the reasons stated above, we should never reach that point in the analysis, given that the after discovered/newly discovered evidence in this case is devoid of credibility. Accordingly, the defendant's request for a new trial based upon after discovered evidence should be denied.

Respondents' Exhibit 43

WHEREFORE, based upon the foregoing, the Commonwealth respectfully requests that this Honorable Court enter an Order denying Defendant's Motion for Extraordinary Relief requesting a new trial in this case.

Respectfully submitted,

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By: _____
STEVEN M. STDTMILLER
DEPUTY DISTRICT ATTORNEY

Respondents' Exhibit 43

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | CC 201202821 |
| MATTHEW EBO | |

### ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2015, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Extraordinary Relief granting defendant Matthew Ebo a new trial is DENIED.

BY THE COURT:

_____,J.

Respondents' Exhibit 43

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2015, I have caused to be mailed a true and correct copy of the within motion to:

Victoria Vidt, Esquire
Allegheny County Public Defender
542 Forbes Avenue
Pittsburgh, PA 15219

Thomas M. McCaffrey
Criminal Court Administrator
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

The Honorable Beth A. Lazzara
Fifth Floor
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

*[signature]*
Steven M. Stadtmiller
Deputy District Attorney

Respondents' Exhibit 43