0508





IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.

MATTHEW EBO,
        Defendant

**CC No.** 2012-02821

**OTN.**   G-547703-2

**CHARGES:**
Criminal Homicide-First Degree/Robbery-Inflict
Serious Bodily Injury/Robbery-Motor Vehicle/
Carrying Firearms without a License/Possession
of a Firearm/Criminal Conspiracy (2 Counts)

**JUDGE:** Beth A. Lazzara

**NOTICE OF APPEAL
TO THE SUPERIOR COURT**

Filed on behalf of:
**MATTHEW EBO**,
Defendant

Counsel of Record for this Party:

ELLIOT HOWSIE
Public Defender
PA I.D. #83441

OFFICE OF THE PUBLIC DEFENDER
400 County Office Building
Pittsburgh, Pennsylvania  15219-2904
412-350-2403

BRANDON P. GING
Deputy-Appellate Division
PA I.D. # 207116

VICTORIA H. VIDT***
Assistant Public Defender
Appellate Counsel
PA I.D. #67385

***Counsel of Record*

Respondents' Exhibit 45

0509

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CC No. 2012-02821 |
| | : | |
| v. | : | OTN. . G-547703-2 |
| | : | |
| MATTHEW EBO, | : | |
| Defendant | : | |

**NOTICE OF APPEAL TO PENNSYLVANIA SUPERIOR COURT**

THIS Notice of Appeal is given that the Defendant, **MATTHEW EBO**, hereby appeals to the Superior Court of Pennsylvania from the Judgment of Sentence imposed on November 28, 2012, and the Order dated December 22, 2015, denying Defendant a New Trial by The Honorable Beth A. Lazzara, Criminal Court Division of the Common Pleas of Allegheny County, Pittsburgh, Pennsylvania.

ELLIOT HOWSIE
Public Defender
PA I.D. #83441

BRANDON P. GING
Deputy-Appellate Division
PA I.D. #207116

VICTORIA H. VIDT
Assistant Public Defender
Appellate Counsel
PA I.D. #67385

Respondents' Exhibit 45

**0510**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,              No. CR 2820-2012

v.

THADDEUS CRUMBLEY,

    Defendant.

ORIGI...
Criminal Division
Dept. of Court Records
Allegheny County

COMMONWEALTH OF PENNSYLVANIA,              No. CR 2821-2012

v.

MATTHEW EBO,

    Defendant.

ORDER OF COURT

BETH A. LAZZARA, JUDGE
Court of Common Pleas

Copies Sent To:

Steven Stadtmiller, Esquire
Office of the District Attorney
Allegheny County Courthouse
Pittsburgh, PA 15219

Sally Frick, Esquire
437 Grant Street
Suite 407
Pittsburgh, PA 15219

Victoria Vidt, Esquire
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219

FILED
15 DEC 22   PM 2: 53
DEPT OF COURT RECORDS
CR...

Respondents' Exhibit 45

0511

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                                )
                  v.            )      CC #   2012-2820
                                )
THADDEUS CRUMBLEY,              )
                                )
            Defendant           )
                                )
_____ )
                                )
COMMONWEALTH OF PENNSYLVANIA )
                                )
                  v.            )      CC # 2012-2821
                                )
MATTHEW EBO,                    )
                                )
            Defendant.          )

## **ORDER OF COURT**

AND NOW, this _22nd_ day of December, 2015, this case having been

remanded from the Superior Court of Pennsylvania for the purposes of determining

whether a new trial is warranted based on after discovered/newly discovered evidence,

and this court having conducted an evidentiary hearing on October 29, 2015, the court

HEREBY FINDS THAT A NEW TRIAL IS NOT WARRANTED in the above-captioned

cases.

In so finding, the court notes that it has given meaningful consideration to the

evidence that was presented at the evidentiary hearing, including the post-trial

recantation videotaped and handwritten statements made by Saday Robinson, the

1

Respondents' Exhibit 45

Commonwealth's central witness at trial.  The court also thoroughly considered the arguments made at the conclusion of the evidentiary hearing by counsel and carefully reviewed the post-hearing briefs that were filed by both of the Defendants and the Commonwealth.

As noted by the parties, Saday Robinson provided testimony at the October 29, 2015 evidentiary hearing, during which she recanted the statements that she had made to defense investigator Barry Fox in videotaped and handwritten form.  The videotaped and handwritten statements served as the recantation evidence upon which the Defendants have relied in seeking a new trial based on after-discovered/newly discovered evidence.  It should be noted that Ms. Robinson never took an oath to tell the truth prior to giving the videotaped statement and did not write the handwritten statement under penalty of perjury.  During her testimony at the October 29, 2015 hearing, Ms. Robinson explained that the statements that she had made in video and written form were untruthful.  She explained that she had lied to defense investigator Barry Fox because she had been threatened by people associated with the Defendants. Additionally, she had been offered a substantial sum of money -- $25,000 -- to recant her trial testimony.

The court paid extremely close attention to Ms. Robinson's demeanor throughout the evidentiary hearing, and it finds highly credible her explanation for why she initially attempted to recant her trial testimony to defense investigator Barry Fox.  Ms. Robinson acknowledged that she is in fear for her life from the Defendants.  Her fear is due, in

Respondents' Exhibit 45

part, to her knowledge of the reputation of the Defendants, their friends, associates and families, as well as the events she herself witnessed. She indicated, convincingly, that she would rather have lied than lost her life. Ms. Robinson was in fear from the Defendants, given that people associated with them kept finding her despite several moves. Further, she testified credibly that she believed that, if she cooperated with the defense efforts, she would be left alone by the Defendants. The court also found highly credible her explanation for why she recanted her post-trial recantation statements during the evidentiary hearing. Ms. Robinson indicated that she did not want guilty people to be let out of jail and that the Defendants deserved to be in jail for what they had done. Ms. Robinson did not waver in her testimony at the evidentiary hearing and was adamant that her post-trial recantation statements were made out of fear and not as a result of any crisis of conscience that she was experiencing as to the certainty of her observations. At the October 29, 2015 hearing, Ms. Robinson very clearly, convincingly, and without hesitation, identified the Defendants as the perpetrators of the murder. It must be noted that this was the second time that she made her identification of the Defendants as murderers in a courtroom, in the presence of the Defendants and under oath.

This court had the benefit of sitting through the original homicide trial, and it observed firsthand Ms. Robinson's demeanor when she provided her eyewitness account of the brutal murder and identified the Defendants as the perpetrators. Ms. Robinson shook uncontrollably throughout her testimony and was clearly frightened to be involved in the case. As the Commonwealth noted in its brief, Ms. Robinson had

3

Respondents' Exhibit 45

0514

*nothing to gain and everything to lose* by testifying against the Defendants during the homicide trial. This holds equally true with regard to her testimony at the evidentiary hearing related to her supposed recantation.  Ms. Robinson has nothing to gain and everything to lose by recanting the unsworn recantation statements that she made to Barry Fox.  She continues to place herself in danger of retribution by maintaining her position that the Defendants were the perpetrators of the murder, which makes her identification testimony all the more credible.  The fact that she maintains her identification of the Defendants as murderers when under oath and forced to confront them face-to-face, and in light of her fear of the Defendants based on their reputations, threats made to her, and her inability to remain hidden, makes Ms. Robinson's identification ring with truthfulness and credibility.

Accordingly, after taking into account the strength of Saday Robinson's identification testimony at trial and after finding Ms. Robinson's testimony at the evidentiary hearing credible in all respects, this court finds that a new trial is not warranted under these circumstances.  Given that Ms. Robinson has consistently identified the Defendants while under oath, and given that her identification testimony has been very credible each time, the court does not find that the purported recantation evidence would "likely result in a different verdict if a new trial were granted." Commonwealth v. Padillas, 997 A.2d 356, 363 (Pa. Super. 2010).

As our appellate courts have consistently recognized, "recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not

4

Respondents' Exhibit 45

satisfied that such testimony is true." <u>Commonwealth v. Coleman</u>, 264 A.2d 649, 651

(Pa. 1970); *See also* <u>Commonwealth v. Mosteller</u>, 284 A.2d 786, 788 (Pa. 1971).

Indeed, "a prerequisite to such relief is that the evidence upon which the relief is sought

must be credible to the trial court." <u>Commonwealth v. Loner</u>, 836 A.2d 125, 135 (Pa.

Super. 2003).


For the aforementioned reasons, the court finds that a new trial is not warranted

because Ms. Robinson credibly recanted her unsworn recantation statements, and the

court finds that her explanation for why she originally made the statements and why she

recanted them to be credible, believable and trustworthy .


BY THE COURT:

_____, J.
Beth A. Lazzara, Judge

5

Respondents' Exhibit 45

0516

Commonwealth of Pennsylvania
v.
Matthew Ebo

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

DOCKET NO:    CP-02-CR-0002821-2012

# Order-Denial of Post Sentence Motion
# By Operation of Law

AND NOW, this 26th day of June, 2013, the motion for post sentence relief presented by The Office of The Public Defender in this matter, is DENIED by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(b).

The defendant is advised of the following:

1. You have the right to file an appeal within 30 days of the entry of this order,

2. You have the right to the assistance of counsel in the preparation of your appeal,

3. You have the right, if you are indigent, to appeal in forma pauperis and to proceed with assigned counsel as provided in Pa.R.Crim.P. 122; and

4. You have a qualified right to bail under Pa.R.Crim.P. 521(B).

BY THE COURT;

*Kate Barkman*

Kate Barkman

DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

13 JUL -9 PM 3: 52

FILED

Printed: 07/09/2013 3:55:22PM

Respondents' Exhibit 45

0517

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA            )      CC No.:201202821
                                                OTN:   G 547703-2
                    vs.                         Charge: Criminal Homicide
                                                        1st_Degree Murder
_____MATTHEW EBO_____

**ORIGINAL**
Criminal Division
Dept. of Court Records
Allegheny County, PA.

## ORDER OF COURT IMPOSING LIFE SENTENCE

AND NOW, to-wit, this 28th day of November, 2012 in open Court, the Defendant having been convicted of First Degree Murder, appearing with counsel, and pursuant to 18 Pa.C.S.A. §1102 and 42 Pa.C.S.A. §9711, the sentence of the Court is that you, MATTHEW EBO, undergo imprisonment for the period of your natural life and stand committed; and be committed to the custody of the Department of Corrections for confinement in such State Correctional Facility authorized to receive males, and shall be delivered to the State Correctional Facility as determined by the Department of Corrections, there to be kept, fed, clothed and treated as the law directs.

This sentence to begin and take effect as of November 28, 2012.

FILED
2012 NOV 29 PM 1: 42
DEPT. OF CRIMINAL DIVISION
ALLEGHENY COUNTY PA

_____ J.

Respondents' Exhibit 45

**Commonwealth of Pennsylvania**
**v.**
**Matthew Ebo**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

**CRIMINAL DIVISION**

**DOCKET NO: CP-02-CR-0002821-2012**
**OTN: G5477032**

# ORDER OF SENTENCE

AND NOW, this 28th day of November, 2012, the defendant having been convicted in the above-captioned case is hereby sentenced by this Court as follows.  The defendant is to pay all applicable fees and costs unless otherwise noted below:

**Count 1 - 18 §2501 §§A - Criminal Homicide -(H1)**
    To be confined for a Period of Life at SCI Camp Hill.
**Count 2 - 18 §3701 §§A1I - Robbery-Inflict Serious Bodily Injury -(F1)**

    A determination of guilty without further penalty.

**Count 3 - 18 §3702 §§A - Robbery Of Motor Vehicle -(F1)**
    To be confined for a Minimum Term of 10 years and a Maximum Term of 20 years at SCI Camp Hill.
    This sentence is to be served consecutive to:
            CP-02-CR-0002821-2012 Ct # 1 Confinement
**Count 4 - 18 §6106 §§A1 - Firearms Not To Be Carried W/O License -(F3)**
    To be confined for a Minimum Term of 3 years and 6 months and a Maximum Term of 7 years at SCI Camp Hill.
    This sentence is to be served consecutive to:
            CP-02-CR-0002821-2012 Ct # 3 Confinement
**Count 5 - 18 §6105 §§A1 - Possession Of Firearm Prohibited -(M1)**
    To be confined for a Minimum Term of 2 years and 6 months and a Maximum Term of 5 years at SCI Camp Hill.
    This sentence is to be served consecutive to:
            CP-02-CR-0002821-2012 Ct # 4 Confinement
**Count 6 - 18 §903 §§C - Conspiracy - Robbery-Inflict Serious Bodily Injury -(F1)**
    To be confined for a Minimum Term of 10 years and a Maximum Term of 20 years at SCI Camp Hill.
    This sentence is to be served consecutive to:
            CP-02-CR-0002821-2012 Ct # 5 Confinement
**Count 7 - 18 §903 §§C - Conspiracy - Criminal Homicide -(H1)**
    To be confined for a Minimum Term of 20 years and a Maximum Term of 40 years at SCI Camp Hill.
    This sentence is to be served consecutive to:
            CP-02-CR-0002821-2012 Ct # 6 Confinement

By the Court

AOPC 2066 REV. 11/28/2012

Respondents' Exhibit 45

0519

FILED

12 MAR 28 AM 8:47

DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

# Commonwealth of Pennsylvania

### vs

### Matthew Lamar Ebo

CC No.    CC201202821

O.T.N. No.    G 547703-2

B.C.I. No.

S.I.D. No.    27027024

Race    Black

Sex    Male

SS #

D.O.B.

Offense Date    05/16/2011

Filed Date    12/07/2011

Pre-Trial Date    03/27/2012

180/365 Dates    06/04/2012 / 12/06/2012

F / A Date    04/04/2012

Judge

Reporter

Minute Clerk

A.D.A.

**SEE ATTACHED SHEET CASE(S) TO BE LINKED**

**Count 1: 182501A: CRIMINAL HOMICIDE**

**Count 2: 183701A1I: ROBBERY- SERIOUS BODILY INJURY**

**Count 3: 183702A: ROBBERY OF MOTOR VEHICLE**

**Count 4: 186106A1: CARRYING FIREARM WITHOUT A LICENSE**

**Count 5: 186105C: PERSON NOT TO POSSESS A FIREARM**

**Count 6: 18903A1: CRIMINAL CONSPIRACY**
And now 6/7/12 the commonwealths motion to amend criminal information at count 6 to read conspiracy to commit robbery, count 7 will be amended to add criminal conspiracy to commit murder. Motion granted. See order filed.

and now 6/7/12 the commonwealths motion for discovery for the defense to disclose materials within paragraph four of the motion is to be delivered in a timely manner before trial. Motion granted. See order filed.

Respondents' Exhibit 45

And now 4/13 the annual
motion for bond has been
denied.

By the Court



Respondents' Exhibit 45

0521

# Amended Information

## *CC201202821*

## Commonwealth of Pennsylvania

### vs

### Matthew Lamar Ebo

CC No.    CC201202821

O.T.N. No.    G 547703-2

B.C.I. No.

S.I.D. No.    27027024

Race    Black

Sex    Male

SS #    ▮▮▮▮▮▮

D.O.B.    ▮▮▮▮▮▮

Offense Date    05/16/2011

Filed Date    12/07/2011

Pre-Trial Date    03/27/2012

180/365 Dates    06/04/2012 / 12/06/2012

F / A Date    04/04/2012

Judge

Reporter

Minute Clerk

A.D.A.    Steven M Stadtmiller

**SEE ATTACHED SHEET CASE(S) TO BE LINKED**

Count 1: 182501A: CRIMINAL HOMICIDE

Count 2: 183701A1I: ROBBERY- SERIOUS BODILY INJURY

Count 3: 183702A: ROBBERY OF MOTOR VEHICLE

Count 4: 186106A1: CARRYING FIREARM WITHOUT A LICENSE

Count 5: 186105C: PERSON NOT TO POSSESS A FIREARM NJ (M1)

Count 6: 18903A1: CRIMINAL CONSPIRACY

Count 7: 18903A1: CRIMINAL CONSPIRACY

over

Respondents' Exhibit 45

...introduce evidence at the
trial has been _GRANTED_.
See motion filed.

By the Court
Sound, J

And now 7/27/12 the
Commonwealths motion to
introduce evidence the
11 transcript at trial
has been _GRANTED_. See
motion filed.

By the Court
Sound, J

And now 7/27/12 the
Commonwealths motion
to present evidence of
defendants Thaddeus Crumbleys
actions on 6/2/11 has been
_GRANTED_. See motion filed.

By the Court
Sound, J

And now 7/27/12 the
motion to amend count 5
of the criminal information
to 6105C has been granted and
shall be heard non jury. See
motion filed.

By the Court
Sound, J

Respondents' Exhibit 45

CASE(S) LINKED TOGETHER:

COMMONWEALTH V. MATTHEW LAMAR EBO

CC201111428  No Date                    Judge:            D/A: Lawrence E Sachs
CC201113358  No Date                    Judge:            D/A: Lawrence E Sachs

THADDEUS THOMAS CRUMBLEY                                   CEE
CC201202820  No Date                    Judge:            D/A: Steven M Stadtmiller

DATE _____8/22/12_____
JUDGE __Beth Lazzara__
A.D.A. _Steve Stadtmiller_
DEFT. _Randall McKinney_
REPORTER _Janet Barto_
MINUTE CLERK _Ashley Lunhart_

In regards to count 5

~and now 8/22/12
Defendant present in open court
with counsel pleads not guilty and
waives trial by Jury.  See waiver
filed. on person not to possess.

DATE _____8/22/12_____
JUDGE __Beth Lazzara__
A.D.A. _Steve Stadtmiller_
DEFT. _Randall McKinney_
REPORTER _Janet Barto_
MINUTE CLERK _A Lunhart_
and now 8/22/12
In Open Court Defendant(s) with counsel
pleads  Not Guilty.  Issue  joined  by
District Attorney.
JURY SWORN : 10:02 AM

and now 9/4/12 the
defendant is adjudged
at count 1 GUILTY
count 2 GUILTY
count 3 GUILTY
count 4 GUILTY
count 6 GUILTY
count 7 GUILTY

Verdict received on 9/4/12 at
2:34 PM and recorded at 2:39 PM
and now 9/4/12
Defendant (s) present in
open court when verdict(s)  Guilty
recorded.
                                          _____
                                          Trial Judge.

Respondents' Exhibit 45

0524

AND NOW, 9/4/12
Defendant present in open court,
after bench trial, Defendant is hereby
adjudged _GUILTY_
as charged. on counts 5
BY THE COURT:

By the Court
_Spagnolo, J_

Defendant (s) present in
open court when verdict (s)
recorded.

Trial Judge.

By the Court
_Spagnolo, J_

WINNIE CLERK

REPORTER

DEFF.

A.D.A.

JUDGE

DATE

AND NOW, 9/4/12
SENTENCE DEFERRED PENDING
PRE-SENTENCE REPORT.

Sentencing set
November 28, 2012

and new 10/5/12 the
defense motion for extraordinary
relief has been DENIED.

By the Court
_Spagnolo, J_

And now 10/5/12 the defense motion
for amended relief has been
DENIED
By the Court
_Spagnolo, J_

and now 10/5 the motion to
proceed informa pauperos has
been GRANTED

WINNIE CLERK   By the Court
REPORTER       _Spagnolo, J_
And now 10/5/12 the motion
that regards to Richard
Carpentar and Jadery
Roberson has been DENIED
JUDGE
DATE   By the Court
       _Spagnolo, J_

And now 11/28/12

SENTENCE PENALTY IMPOSED.
SEE ORDER FILED.
CR-M. Spagnolo

Respondents' Exhibit 45

# IN THE COURT OF COMMON PLEAS
## COUNTY OF ALLEGHENY
### CRIMINAL DIVISION

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

**MATTHEW LAMAR EBO**

Criminal Action No.  CC201202821

The District Attorney of ALLEGHENY County, by this information charges that  on (or about) Monday, the 16th day of May, 2011 in the said County of ALLEGHENY, MATTHEW LAMAR EBO hereinafter called actor, did commit the crime or crimes indicated herein, that is:

Count 1                            CRIMINAL HOMICIDE                                    Murder

The actor intentionally, knowingly, recklessly or negligently caused the death of Todd Mattox another human being, in violation of Section 2501 (a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §2501(a), as amended.

Count 2                            ROBBERY- SERIOUS BODILY INJURY                    Felony 1

The actor in the course of committing a theft, either inflicted serious bodily injury upon Todd Mattox threatened that person or persons with, or put that person or persons in fear of immediate serious bodily injury, in violation of Section 3701(a)(1)(i) or (ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §3701 (a)(1)(i) or (ii).

Count 3                            ROBBERY OF MOTOR VEHICLE                            Felony 1

The actor stole or took a motor vehicle, namely, a Nissan Sentra, from another person in the presence of that person or any other person in lawful possession of the motor vehicle, namely Todd Mattox, in violation of Section 3702 of the Pennsylvania Crimes Code, Act 28 of June 8, 1993, 18 Pa. C.S. §3702, as amended.

Count 4                            CARRYING FIREARM WITHOUT A LICENSE                  Felony 3

The actor carried, without a license therefore as provided by Chapter 61, Subchapter A of the Pennsylvania Crimes Code, 18 Pa. C.S. §6101 et. seq. a firearm  concealed on or about his person, or in a vehicle, in violation of Section 6106 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §6106, as amended.

Page 1 of 2

Respondents' Exhibit 45

**Count 5**                 **PERSON NOT TO POSSESS A FIREARM**             **Misdemeanor 1**

The actor possessed, used, controlled, sold, transferred, manufactured or obtained a license to possess, use, control, sell, transfer or manufacture a firearm, said actor being a person who was adjudicated delinquent of Rape and/or Aggravated Assault in violation of Section 6105(a)(1) and (c) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. §6105(a)(1) and (c), as amended.

**Count 6**                     **CRIMINAL CONSPIRACY**                **Felony 1**

The actor, with the intent of promoting or facilitating the crime(s) of Robbery, conspired and agreed with Thaddeus Crumbley that they or one or more of them would engage in conduct constituting such crime(s) or an attempt or solicitation to commit such crime(s), and in furtherance thereof committed one or more of the following overt acts: brandished a firearm and/or pointed a firearm at Todd Mattox and/or robbed and/or shot Todd Mattox and/or took the victim's property, in violation of Section 903 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §903 (a)(1), as amended.

**Count 7**                     **CRIMINAL CONSPIRACY**                **Murder**

The actor, with the intent of promoting or facilitating the crime(s) of Murder conspired and agreed with Thaddeus Crumbley that they or one or more of them would engage in conduct constituting such crime(s) or an attempt or solicitation to commit such crime(s), and in furtherance thereof committed one or more of the following overt acts: brandished a firearm and/or pointed a firearm at Todd Mattox and/or shot Todd Mattox, in violation of Section 903 (a) (1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. §903 (a)(1), as amended.

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
Attorney for the Commonwealth

Page 2 of 2

Respondents' Exhibit 45

**CASE(S) LINKED TOGETHER:**

<u>COMMONWEALTH V. MATTHEW LAMAR EBO</u>

| | | | |
|---|---|---|---|
| CC201111428  No Date | Judge: | D/A: Lawrence E Sachs |
| CC201113358  No Date | Judge: | D/A: Lawrence E Sachs |

**THADDEUS THOMAS CRUMBLEY**

| | | | |
|---|---|---|---|
| CC201202820  No Date | Judge: | D/A: |

Respondents' Exhibit 45

CC No. CC201202821

COMMONWEALTH OF PENNSYLVANIA

   vs

MATTHEW LAMAR EBO

### RECEIPT OF COPY OF INFORMATION

   I hereby certify that I have received a copy of the information filed by the District Attorney in the above-captioned action.

/  /   DEFENDANT

/  /   DEFENDANT'S COUNSEL OF RECORD

_____
   SIGNATURE

_____
   DATE

Respondents' Exhibit 45

0529

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CC No. 2012-02821
                             :
                  v.         : OTN.   G-547703-2
                             :
MATTHEW EBO,                 :
           Defendant         :

## PETITION TO PROCEED IN FORMA PAUPERIS

AND NOW, January 13, 2016, comes the above-captioned Petitioner, **MATTHEW EBO**, by his attorney, Victoria H. Vidt, Esquire, of the Law Offices of the Public Defender of Allegheny County, Pennsylvania, and respectfully represents as follows:

1.      The Office of the Public Defender did represent Mr. Matthew Ebo in his Direct Appeal and Evidentiary Hearing in the lower court before the Honorable Beth A. Lazzara at the above referenced CC number.

2.      The Law Office of the Public Defender believes and therefore certifies that the Petitioner is indigent and should be granted the right to proceed in forma pauperis.

3.      Undersigned counsel has received no information regarding a substantial change in the financial condition of the Petitioner.

4.      The Public Defender is providing free legal service to the Petitioner.

WHEREFORE, Applicant respectfully requests leave to file an appeal and proceed in forma pauperis pursuant to Pennsylvania Rules of Appellate Procedure 552.

Respectfully submitted,

ELLIOT HOWSIE
Public Defender

BRANDON P. GING
Deputy-Appellate Division

_Victoria H. Vidt_
VICTORIA H. VIDT
Assistant Public Defender
Appellate Counsel

Respondents' Exhibit 45

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

<u>CRIMINAL DIVISION</u>

COMMONWEALTH OF PENNSYLVANIA    :    CC No. 2012-02821
                                 :
                v.                 :      OTN.   G-547703-2
                                 :
MATTHEW EBO,                   :
            Defendant      :

## O R D E R

AND NOW, January 13, 2016, upon presentation of the foregoing Petition in the above-captioned case, the above-captioned Defendant is granted leave of Court to proceed on appeal in forma pauperis.  Said leave is granted by the Department of Court Records-Criminal Division pursuant to Pennsylvania Rules of Appellate Procedure 552(d).

_____

Respondents' Exhibit 45

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

<u>CRIMINAL DIVISION</u>

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CC No. 2012-02821 |
| | : | |
| v. | : | OTN.   G-547703-2 |
| | : | |
| MATTHEW EBO, | : | |
| Defendant | : | |

## **A F F I D A V I T**

I certify that the following listed individuals are the only court reporters responsible for transcribing any part of the record necessary for the above-captioned appeal which have already been transcribed and filed with the Department of Court Records - Criminal Division and received by our office.  To the best of my knowledge at this time, these individuals are as follows:

**Michelle Maglicco – Motions (6/7/12)**

**Teresa Benson – Motions Continuance (6/8/12)**

**Debbie Betzler – Bail Hearing (6/13/12)**

**Denise Zwick – Pretrial Motions (7/27/12)**

**Janet Barto – Jury Trial – Vols. I & II (8/20/12 - 9/4/12)**

**Judy Dobies – Motion for Extraordinary Relief (10/5/12)**

**Mary Spagnolo – Sentencing (11/28/12)**

**Jane Hirsch – Motion for New Trial (10/29/15)**

VICTORIA H. VIDT
Appellate Counsel

Respondents' Exhibit 45

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :   CC No. 2012-02821
   :
v.            :   OTN.   G-547703-2
   :
MATTHEW EBO,        :
      Defendant     :

### PROOF OF SERVICE

I, Victoria H. Vidt, Esquire, of the Law Offices of the Public Defender hereby certify that on this day the Notice of Appeal was served upon the following persons, by hand delivery, which satisfies the requirements of Pa.R.A.P. 121 to:

The Honorable Beth A. Lazzara
522 Allegheny County Courthouse
436 Grant Street
Pittsburgh, Pennsylvania 15219
(412) 350-5981

Michael W. Streily, Esquire
District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, Pennsylvania 15219
(412) 350-4377

Court Reporters
415 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219
(412) 350-5414

Thomas McCaffrey
Criminal Court Administrator
535 Allegheny County Courthouse
Pittsburgh, Pennsylvania 15219

_____
VICTORIA H. VIDT
PA I.D. #67385
Appellate Counsel

LAW OFFICES OF THE PUBLIC DEFENDER
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219-2904
(412) 350-2403

Date: January 13, 2016

Respondents' Exhibit 45