

FILED

16 FEB -2  PM 3: 16

DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA

      v.

MATTHEW EBO,

      Defendant.

CRIMINAL DIVISION

CC 201202821

### **STATEMENT OF ERRORS COMPLAINED OF ON APPEAL**

AND NOW COMES the Defendant, Matthew Ebo, by his attorneys from the Law Office of the Public Defender, Allegheny County; Elliot Howsie, Public Defender of Allegheny County; Brandon Ging, Chief-Appellate Division; and Victoria H. Vidt, Appellate Counsel, and respectfully submits this Statement of Errors Complained of on Appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, whereof the following is a statement:

Respondents' Exhibit 47

1.  On March 28, 2012, Mr. Ebo was charged by criminal information at CC 201202821 with one count of Criminal Homicide (18 Pa.C.S. § 2501(a)) and various other crimes.

2.  On April 23, 2012, Randall H. McKinney, Esquire, entered his appearance on behalf of Mr. Ebo.

3.  Mr. Ebo proceeded to a jury trial before this Honorable Court and he was found guilty of first degree murder on September 4, 2012.

4.  On November 28, 2012, Mr. Ebo was sentenced to life imprisonment.

5.  On November 30, 2012, Attorney McKinney filed a Motion to Withdraw as Counsel.

6.  The Office of the Public Defender was appointed to represent Mr. Ebo on December 12, 2012.

7.  On December 19, 2012, prior appellate Counsel requested permission to file a Post-Sentence Motion *Nunc Pro Tunc* and requested leave to supplement the Post-Sentence Motion once she received the transcripts.

8.  On December 21, 2012, this Honorable Court granted the Motion and directed Mr. Ebo to file any amendments or supplements to the Post-Sentence Motion within twenty-one days of receipt of the transcripts.

9.  Counsel received the final transcript on April 12, 2013.

Respondents' Exhibit 47

10. A timely Supplemental Post-Sentence Motion was filed on April 19, 2013.

11. The Post-Sentence Motion was denied by operation of law on July 9, 2013.

12. A timely Notice of Appeal was filed on July 25, 2013.

13. A timely Statement of Errors was filed by previous appellate counsel on August 20, 2013.

14. This Court issued an Opinion pursuant to Pa.R.A.P. 1925 on June 25, 2014.

15. A Brief for Appellant was filed on Mr. Ebo's behalf on December 11, 2014.

16. A Brief for Appellee was filed by the Commonwealth on January 22, 2015.

17. Prior to argument being heard on the brief, counsel filed an Application for Remand on August 5, 2015. The application was filed based upon a claim of after-discovered evidence.

18. The Superior Court granted the motion for remand on August 13, 2015, and ordered this Court to conduct a hearing on the motion. The Court also relinquished jurisdiction over the appeal.

19. On September 2, 2015, undersigned counsel entered her appearance in this matter for Mr. Ebo.

3

Respondents' Exhibit 47

20.    On October 29, 2015, this Court conducted the evidentiary hearing in Mr. Ebo's case.  Co-defendant Thaddeus Crumbly also participated through his appellate counsel.

21.    On December 22, 2015, this Court denied the motion for a new trial.

22.    A timely Notice of Appeal was filed on January 13, 2016.

23.    Pursuant to this Court's Order, counsel now files this timely Statement of Errors to be Complained of on Appeal.  Specifically, Mr. Ebo will raise the following issues:

a.    The trial court abused its discretion by failing to award Mr. Ebo a new trial based upon after-discovered evidence.  The new evidence is Ms. Saday Robinson's recantation of her identification of Mr. Ebo.  *Ms. Robinson was the sole connection between Mr. Ebo and the crimes in question.*  No physical evidence connected Mr. Ebo to the crime scene.  The recantation testimony is substantive, exonerating evidence that Mr. Ebo is not connected to this crime. It is not mere cumulative evidence because, as noted, Ms. Robinson's identification testimony was the only thing connecting Mr. Ebo to this crime. As the Pennsylvania Supreme Court explained in *Commonwealth v. McCracken*, 659 A.2d 541, 549-50 (Pa. 1995):

> "where the only Commonwealth witness who identified the
> perpetrator has recanted his testimony, such evidence can not be

4

Respondents' Exhibit 47

considered cumulative or corroborative because the defendant claimed that he did not commit the crime in question. This was the essence of [McCracken's] defense and the ultimate question in [McCracken's] trial. Thus, [the witness's] recantation is neither cumulative, corroborative, nor for impeachment purposes.

Ms. Robinson's recantation is direct and compelling testimony that Mr. Ebo was not present at the scene of the crime. Of course, Ms. Robinson recanted her recantation at the evidentiary hearing. Nonetheless, the jury should have been able to evaluate all of the different evidence provided by Ms. Robinson during their deliberations. Ms. Robinson's testimony is so full of inconsistencies that the jury must be given the opportunity to evaluate all of the information in order to adjudge whether Mr. Ebo is guilty. As they were unable to do so, a new trial is required.

b.      The trial court abused its discretion by failing to grant Mr. Ebo a new trial due to the discovery violations involving the photo arrays presented to Saday Robinson. Robinson testified regarding a photo array that had not been provided to defense counsel. Law enforcement confirmed that there were multiple officers performing tasks on this case and showing different people multiple photo arrays. No one was in charge of monitoring what was occurring with these photo arrays. Law enforcement noted at trial that there was evidence that was not provided to the defense. Since Robinson was the

Respondents' Exhibit 47

only eyewitness to testify regarding Mr. Ebo's involvement in this case and there was no physical evidence tying Mr. Ebo to this case, it was imperative for the defense to have all information pertaining to the identification of Mr. Ebo by Robinson. This information was necessary for the defense to properly cross-examine Robinson. As such, Mr. Ebo was prejudiced and he is entitled to a new trial.

c.     The trial court abused its discretion by admitting any testimony and physical evidence, such as the handgun, related to the shooting of co-defendant, Thaddeus Crumbley, which occurred on June 2, 2011. This evidence was completely irrelevant to whether Mr. Ebo was a perpetrator in the events that occurred on May 16, 2011. This evidence involving the shooting of Mr. Crumbley on June 2, 2011 did not prove Mr. Ebo's identity in the commission of the events of May 16, 2011. In addition to having no relevance, this evidence was prejudicial since the evidence made it appear that Mr. Ebo was somehow linked to this gun violence. Also, this evidence regarding completely unrelated events was very confusing since the jury was presented with a significant amount of evidence and testimony relating to a subsequent shooting that had absolutely no relevance to Mr. Ebo's involvement in the May 16, 2011 shooting for which he was on trial.

6

Respondents' Exhibit 47

d.      The trial court erred and abused its discretion by admitting evidence that Saday Robinson reviewed a photo array and identified Mr. Ebo as the perpetrator, and by permitting her subsequent in-court identification of Mr. Ebo.  Robinson's identification of Mr. Ebo was not sufficiently reliable and the trial court's failure to suppress her unreliable identification violated Mr. Ebo due process rights.  The photo array procedure was highly suggestive. She failed to identify Mr. Ebo as the perpetrator for fourteen months, and she could only identify him in a photo array after law enforcement continued to show her arrays with Mr. Ebo's image and told her that the suspects had been arrested.  Also, people had told her that Mr. Ebo was the perpetrator and there was significant media coverage on this matter.  The suggestiveness and taint surrounding Robinson's photo array identification gave rise to a substantial likelihood of misidentification.   Moreover, the Commonwealth did not establish by clear and convincing evidence that Robinson's in-court identification of Mr. Ebo had an independent origin in her observations at the time of the incident.  For example, Robinson had limited opportunity to view these events, she could not provide any significant description of the actors, and the description that she provided of Mr. Ebo did not correlate to what Mr. Ebo actually looked like.  Thus, this evidence should have been suppressed.

Respondents' Exhibit 47

e.      The trial court abused its discretion by failing to grant a new trial since the verdict on all counts was against the weight of the evidence.  There was no physical evidence connecting Mr. Ebo to the crime scene or to the victim or co-defendant.  The only evidence presented at trial linking Mr. Ebo to the incident consisted of Saday Robinson's questionable identification of him.  There was no other testimony that Mr. Ebo was present at the crime scene, that he ever had contact with the murder weapon, or that he even knew the victim or the co-defendant, much less interacted with them during this incident.  Robinson's testimony and her identification of Mr. Ebo were vague, tenuous, and uncertain at best.  Robinson was only able to identify Mr. Ebo as a participant in this incident fourteen months after the incident.  Although she had been shown photo arrays multiple times over the fourteen month period, she never identified Mr. Ebo until one month before trial. Additionally, Robinson's testimony was so incredible that it simply cannot support the verdict.   During the fourteen months prior to Robinson's identification of Mr. Ebo, she had the opportunity to look into news stories and social media postings on this matter.  She also discussed this incident with people in the community who informed her who they thought participated in this murder.  Thus, she was likely influenced to identify Mr. Ebo since he was

8

Respondents' Exhibit 47

a suspect awaiting trial on this matter.  Moreover, Robinson's story was completely untrustworthy because she presented incredible testimony under oath.  She initially accused a different person of committing murder in this matter, she admitted to lying to police officers about this incident, the description that she provided of the perpetrator did not match Mr. Ebo's description, and her description of what occurred changed over time.  She also testified about her lack of internet access during this time period, even though she had a Facebook account with postings on it regarding her young child. There was limited testimony from law enforcement that another individual, who received substantial payments for his participation in this investigation, may have identified Mr. Ebo as a suspect; however, this person never testified under oath regarding his alleged identification so it is unclear whether he could identify Mr. Ebo.  Robinson was the only person who could identify Mr. Ebo at trial as participating in the incident.  Her testimony was the only evidence linking Mr. Ebo to this crime, but her testimony was so incredible that basing a conviction on this meager evidence shocks the conscience.

Respondents' Exhibit 47

0543

Respectfully submitted,

ELLIOT HOWSIE
Public Defender

BRANDON P. GING
Chief – Appellate Division

*Victoria H. Vidt*

VICTORIA H. VIDT
Appellate Counsel
PA I.D. # 67385

ATTORNEYS FOR THE DEFENDANT

Respondents' Exhibit 47

0544

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA

v.

MATTHEW EBO,

      Defendant.

CRIMINAL DIVISION

CC 201202821

## **PROOF OF SERVICE**

    I, Victoria H. Vidt, Assistant Public Defender and Appellate Counsel, hereby certify that on the *2nd* day of *February*, 2016, the Statement of Errors Complained of on Appeal was served on the following persons by hand delivery or personal service, which satisfies the requirements of Pa.R.A.P. 121:

The Honorable Beth A. Lazzara
510 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Thomas McCaffrey
Criminal Court Administrator
535 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Michael W. Streily, Esquire
District Attorney's Office
301 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

VICTORIA H. VIDT
Appellate Counsel
PA I.D. # 67385

Respondents' Exhibit 47