**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | No. CR 2820-2012 |
| v. | |
| THADDEUS CRUMBLEY, | |
| Defendant. | |

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | No. CR 2821-2012 |
| v. | |
| MATTHEW EBO, | |
| Defendant. | |

ORDER OF COURT

BETH A. LAZZARA, JUDGE
Court of Common Pleas

Copies Sent To:

Steven Stadtmiller, Esquire
Office of the District Attorney
Allegheny County Courthouse
Pittsburgh, PA 15219

Sally Frick, Esquire
437 Grant Street
Suite 407
Pittsburgh, PA 15219

Victoria Vidt, Esquire
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219

FILED
16 MAR 30 AM 9:51
DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

Respondents' Exhibit 48

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| v. | ) CC # 2012-2820 |
| THADDEUS CRUMBLEY, | ) |
| Defendant | ) |
| | |
| COMMONWEALTH OF PENNSYLVANIA | ) |
| v. | ) CC # 2012-2821 |
| MATTHEW EBO, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 28th day of March, 2016, it is HEREBY ORDERED that the Clerk of Courts shall transmit the record on this matter to the Superior Court forthwith. The allegations of error that were raised in the Defendants' Concise Statement of Matters Complained of on Appeal ("Concise Statement"), filed on February 10, 2016 and February 2, 2016, have been addressed by this court in detail. Specifically, in its 1925(a) Opinion filed on June 25, 2014, this court set forth its rationale in relation to the rulings that were challenged in Paragraphs 1, 2, 4 – 10 of Defendant Crumbley's Concise Statement, and in Paragraphs B-E of Defendant Ebo's Concise Statement.

1

Respondents' Exhibit 48

Furthermore, in its December 22, 2015 Order, the court set forth its rationale for denying the Defendants' request for a new trial based on after-discovered evidence, which addresses the issues raised in Paragraph 3 of Defendant Crumbley's Concise Statement and Paragraph A of Defendant Ebo's Concise Statement. A copy of the court's December 22, 2015 Order is attached hereto. This satisfies the requirement of Pa. R. App. P. 1925 that the court set forth its reasons for issuing the Order appealed from.

A copy of this Order has been served upon Appellants by certified mail, upon Counsel for Appellants by regular mail, and upon the Office of the District Attorney/Appeals Division by inter-office mail.

BY THE COURT:

_____, J.
BETH A. LAZZARA, JUDGE

2

Respondents' Exhibit 48

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,　　　　No. CR 2820-2012

v.

THADDEUS CRUMBLEY,

　　Defendant.

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA

---

COMMONWEALTH OF PENNSYLVANIA,　　　　No. CR 2821-2012

v.

MATTHEW EBO,

　　Defendant.

ORDER OF COURT

BETH A. LAZZARA, JUDGE
Court of Common Pleas

Copies Sent To:

Steven Stadtmiller, Esquire
Office of the District Attorney
Allegheny County Courthouse
Pittsburgh, PA 15219

Sally Frick, Esquire
437 Grant Street
Suite 407
Pittsburgh, PA 15219

Victoria Vidt, Esquire
Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219

FILED
15 DEC 22 PM 2:53
DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

Respondents' Exhibit 48

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA ) <br> ) <br> v.                                                    ) CC #   2012-2820 <br> ) <br> THADDEUS CRUMBLEY,             ) <br> ) <br> Defendant                                 ) | |
| COMMONWEALTH OF PENNSYLVANIA ) <br> ) <br> v.                                                    ) CC # 2012-2821 <br> ) <br> MATTHEW EBO,                         ) <br> ) <br> Defendant.                                ) | |

### ORDER OF COURT

AND NOW, this 22nd day of December, 2015, this case having been remanded from the Superior Court of Pennsylvania for the purposes of determining whether a new trial is warranted based on after discovered/newly discovered evidence, and this court having conducted an evidentiary hearing on October 29, 2015, the court HEREBY FINDS THAT A NEW TRIAL IS NOT WARRANTED in the above-captioned cases.

In so finding, the court notes that it has given meaningful consideration to the evidence that was presented at the evidentiary hearing, including the post-trial recantation videotaped and handwritten statements made by Saday Robinson, the

1

Respondents' Exhibit 48

Commonwealth's central witness at trial. The court also thoroughly considered the arguments made at the conclusion of the evidentiary hearing by counsel and carefully reviewed the post-hearing briefs that were filed by both of the Defendants and the Commonwealth.

As noted by the parties, Saday Robinson provided testimony at the October 29, 2015 evidentiary hearing, during which she recanted the statements that she had made to defense investigator Barry Fox in videotaped and handwritten form. The videotaped and handwritten statements served as the recantation evidence upon which the Defendants have relied in seeking a new trial based on after-discovered/newly discovered evidence. It should be noted that Ms. Robinson never took an oath to tell the truth prior to giving the videotaped statement and did not write the handwritten statement under penalty of perjury. During her testimony at the October 29, 2015 hearing, Ms. Robinson explained that the statements that she had made in video and written form were untruthful. She explained that she had lied to defense investigator Barry Fox because she had been threatened by people associated with the Defendants. Additionally, she had been offered a substantial sum of money -- $25,000 -- to recant her trial testimony.

The court paid extremely close attention to Ms. Robinson's demeanor throughout the evidentiary hearing, and it finds highly credible her explanation for why she initially attempted to recant her trial testimony to defense investigator Barry Fox. Ms. Robinson acknowledged that she is in fear for her life from the Defendants. Her fear is due, in

Respondents' Exhibit 48

part, to her knowledge of the reputation of the Defendants, their friends, associates and families, as well as the events she herself witnessed. She indicated, convincingly, that she would rather have lied than lost her life. Ms. Robinson was in fear from the Defendants, given that people associated with them kept finding her despite several moves. Further, she testified credibly that she believed that, if she cooperated with the defense efforts, she would be left alone by the Defendants. The court also found highly credible her explanation for why she recanted her post-trial recantation statements during the evidentiary hearing. Ms. Robinson indicated that she did not want guilty people to be let out of jail and that the Defendants deserved to be in jail for what they had done. Ms. Robinson did not waver in her testimony at the evidentiary hearing and was adamant that her post-trial recantation statements were made out of fear and not as a result of any crisis of conscience that she was experiencing as to the certainty of her observations. At the October 29, 2015 hearing, Ms. Robinson very clearly, convincingly, and without hesitation, identified the Defendants as the perpetrators of the murder. It must be noted that this was the second time that she made her identification of the Defendants as murderers in a courtroom, in the presence of the Defendants and under oath.

This court had the benefit of sitting through the original homicide trial, and it observed firsthand Ms. Robinson's demeanor when she provided her eyewitness account of the brutal murder and identified the Defendants as the perpetrators. Ms. Robinson shook uncontrollably throughout her testimony and was clearly frightened to be involved in the case. As the Commonwealth noted in its brief, Ms. Robinson had

Respondents' Exhibit 48

*nothing to gain and everything to lose* by testifying against the Defendants during the homicide trial. This holds equally true with regard to her testimony at the evidentiary hearing related to her supposed recantation. Ms. Robinson has nothing to gain and everything to lose by recanting the unsworn recantation statements that she made to Barry Fox. She continues to place herself in danger of retribution by maintaining her position that the Defendants were the perpetrators of the murder, which makes her identification testimony all the more credible. The fact that she maintains her identification of the Defendants as murderers when under oath and forced to confront them face-to-face, and in light of her fear of the Defendants based on their reputations, threats made to her, and her inability to remain hidden, makes Ms. Robinson's identification ring with truthfulness and credibility.

Accordingly, after taking into account the strength of Saday Robinson's identification testimony at trial and after finding Ms. Robinson's testimony at the evidentiary hearing credible in all respects, this court finds that a new trial is not warranted under these circumstances. Given that Ms. Robinson has consistently identified the Defendants while under oath, and given that her identification testimony has been very credible each time, the court does not find that the purported recantation evidence would "likely result in a different verdict if a new trial were granted." Commonwealth v. Padillas, 997 A.2d 356, 363 (Pa. Super. 2010).

As our appellate courts have consistently recognized, "recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not

Respondents' Exhibit 48

satisfied that such testimony is true." <u>Commonwealth v. Coleman</u>, 264 A.2d 649, 651 (Pa. 1970); *See also* <u>Commonwealth v. Mosteller</u>, 284 A.2d 786, 788 (Pa. 1971). Indeed, "a prerequisite to such relief is that the evidence upon which the relief is sought must be credible to the trial court." <u>Commonwealth v. Loner</u>, 836 A.2d 125, 135 (Pa. Super. 2003).

For the aforementioned reasons, the court finds that a new trial is not warranted because Ms. Robinson credibly recanted her unsworn recantation statements, and the court finds that her explanation for why she originally made the statements and why she recanted them to be credible, believable and trustworthy .

BY THE COURT:

_____, J.
Beth A. Lazzara, Judge

Respondents' Exhibit 48