IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     CC 201202821

V.

MATTHEW EBO     JUDGE LAZZARA

SUPPLEMENT TO POST-CONVICTION RELIEF ACT PETITION, *NUNC PRO TUNC*

ON BEHALF OF:
Matthew Ebo

ATTORNEY:
Diana Stavroulakis, Esq.
PA ID #59255
262 Elm Court
Pittsburgh, PA 15237
412-600-8608
Diana@Stavroulakislaw.com

ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

FILED
2018 NOV 29 AM 8:39
DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

Respondents' Exhibit 66

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     CC 201202821

V.

MATTHEW EBO                JUDGE LAZZARA

### SUPPLEMENT TO POST-CONVICTION RELIEF ACT PETITION, *NUNC PRO TUNC*

AND NOW, comes Diana Stavroulakis, Esquire, court- appointed counsel in the above-captioned case, and files the within SUPPLEMENT TO POST-CONVICTION RELIEF ACT (PCRA) PETITION, *NUNC PRO TUNC*.

### PROCEDURAL HISTORY

Matthew Ebo (Ebo) was charged by criminal information at CC 201202821. Represented at trial by Randall McKinney, Esq., Ebo proceeded to a jury trial along with his co-defendant, Thaddeus Crumbley (Crumbley), who was represented by Wendy Williams, Esq. The jury convicted Ebo of one count each of First Degree Murder, 18 Pa.C.S.A. §2502(a); Robbery – Inflict Serious Bodily Injury, 18 Pa.C.S.A. §3701(a)(1)(i); Robbery of a Motor Vehicle, 18 Pa.C.S.A.

2

Respondents' Exhibit 66

§3702(a); Firearms Not to be Carried Without a License, 18 Pa.C.S.A. §6106(a)(1); Possession of Firearms Prohibited, 18 Pa.C.S.A. §6105(a)(1); Conspiracy to Commit Robbery, 18 Pa.C.S.A. §903(c); and Conspiracy to Commit Homicide, 18 Pa.C.S.A. § 903(c).

On November 28, 2012, the court imposed a sentence of life imprisonment on the homicide conviction, and an aggregate sentence of 46 to 92 years of on the remaining counts. Attorney McKinney was permitted to withdraw his appearance at that point, and Attorney Jessica Herndon, of the Allegheny County Public Defender's Office, was appointed to represent Ebo.

The Court granted counsel's motion to file post-sentence motions, *nunc pro tunc*. Consequently, a Supplemental Post-Sentence Motion was filed on April 19, 2013, and was denied by operation of law on June 26, 2013.

A timely Notice of Appeal was filed on July 25, 2013. After the briefs were filed at 1194 WDA 2013, Attorney Herndon filed an Application for Remand based on after-discovered evidence. The Superior Court granted the request, relinquished jurisdiction, and ordered the trial court to conduct a hearing on the after-discovered evidence to determine if a new trial should be granted.

On remand, Victoria Vidt, Esquire, of the Public Defender's Office, proceeded as Ebo's attorney. A hearing was held for both Ebo and his co-

Respondents' Exhibit 66

defendant, Crumbley, on October 29, 2015. On December 22, 2015, the Court entered an Order denying the motion for a new trial.

A timely Notice of Appeal was filed on January 13, 2016. At 92 WDA 2016. A panel of the Superior Court filed a Memorandum and Order dated June 21, 2017, affirming the conviction but vacated the sentence and remanded the case for resentencing, as the sentence initially imposed pursuant to 42 Pa.C.S. §9712 was unconstitutional under *Alleyne v. United States,* 570 U.S. 99 (2013) and *Commonwealth v. Newman,* 99 A.3d 86 (Pa. Super. 2014). [1]

On July 14, 2017, Ebo filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. By Order dated December 13, 2017, allocatur was denied at 279 WDA 2017.

On February 28, 2018, the court resentenced Ebo but structured the sentence so that, ultimately, it was the same sentence initially imposed: a period of life imprisonment and an aggregate 46 to 92 years. Timely post-sentence motions were filed on March 6, 2018. Motions were denied by Order filed April 11, 2018, prompting Ebo to file a Notice of Appeal to the Superior Court of Pennsylvania.

---

[1] On January 17, 2018, Ebo filed a *pro se* PCRA Petition. Present counsel was appointed to represent Ebo on his collateral proceeding. However, the case had been remanded for resentencing and proceeding on the petition would have been improper at that point. In essence, the petition was stayed until Ebo was resentenced, the post-sentence motions were denied, and he determined not to proceed with the direct appeal.

Respondents' Exhibit 66

On May 30, 2018, Attorney Vidt file a Praecipe to Discontinue the Appeal at 679 WDA 2018 so that Ebo could, instead, pursue the within Post-Conviction Relief Act Petition. That same day the Superior Court filed a Certification of Discontinuance.

Present counsel filed an Amended Post-Conviction Relief Act Petition with request for additional time to supplement the petition, and Motion for Appointment of Investigator on June 29, 2018. By Order of July 5, 2018, the Court granted the extension. Also by Order of July 5, 2018, the Court granted Ebo funds for an investigator.

On August 24, 2018, counsel filed another request for extension of time which was granted by Order dated August 28, 2018. The Supplement was to be filed on or before October 29, 2018. The within Supplement is now filed, *nunc pro tunc*.

## FACTS OF THE CASE

In the Court's 1925(a) Opinion, filed June 25, 2014, the facts of the case were summarized as follows:

> On May 16, 2011, Todd Mattox was shot to death in the parking lot of the Leechburg Garden apartments in Penn Hills. (T.R.

Respondents' Exhibit 66

8/20/12, p. 240)[2] He had suffered three (3) gunshot wounds, two (2) to the trunk and one (1) fatal shot to the head. (T.R. 8/20/12, pp. 246-261, Ex. 4-16).

An eyewitness, Saday Robinson, described the sounds of an altercation above her apartment in the minutes before the shooting, followed by the noise of people running down stairs. (T.R. 8/20/12, pp. 527-528). She then saw Mr. Mattox being pushed out the front door of the apartment complex by two (2) African-American males with handguns. (T.R. 8/20/12, pp. 528-529). She was able to hear Mr. Mattox pleading for his life, offering the two (2) males everything that he had, and backing away from them with his hands up. (T.R. 8/20/12, pp. 529, 531). The eyewitness described seeing a man that she later identified as Defendant Ebo shooting at Mr. Mattox three (3) times. (T.R. 8/20/12, p. 531). Mr. Mattox fell to the ground after the gunshots were fired. (T.R. 8/20/12, p. 531). The witness then described seeing Defendant Ebo going through the pants pockets of Mr. Mattox before she saw a person that she later identified as Defendant Crumbley walk up to Mr. Mattox, stand over his body as it lay in the parking lot, and shoot him directly in the head. (T.R. 8/20/12, pp. 532-534). She then indicated that she saw the Defendants get into Mr. Mattox's white Nissan and speed out of the parking lot. (T.R. 8/20/12, p. 534). Mr. Mattox's vehicle was later found after it had been set on fire on Hill Street in Penn Hills. (T.R. 8/20/12, pp. 757-759, 762-780, 782-787, 804, 818, 841; Ex. 58-63, Ex. 66-67).

…

John Gardone also testified that Mr. Mattox was chased by two (2) African-American males before he was shot several times in the parking lot of the Leechburg Gardens. (T.R. 8/20/12, pp. 591-592). He also saw the two (2) suspects enter a white vehicle and speed from the parking lot. (T.R. 8/20/12, pp. 492-493). Another witness, Yurri Lewis, heard multiple shots that day, although he did not witness the shooting. (T.R. 8/20/12, p. 513).

---

[2] The notation "T.R. 8/20/12" refers to Volumes I and II of the trial transcript for August 20, 2012 through September 4, 2012.

6

Respondents' Exhibit 66

He did, however, see an African-American male going through the pockets of a man lying in the parking lot of Leechburg Garden Apartments. (T.R. 8/20/12, p. 515). He saw the man who had been rifling through the victim's pockets enter a white car and speed out of the parking lot. (T.R. 8/20/12, p. 515) Detective Anthony Perry confirmed that the right front pants pocket of Mr. Mattox was pulled out when he arrived at the scene. (T.R. 8/20/12, pp. 302-304, 330-334, Ex. 41). The left front pocket was in its normal position. (T.R. 8/20/12, pp. 302-304.

Despite the fact that there were several eyewitnesses to the events that occurred on May 16, 2011, none of the witnesses interviewed by either Penn Hills police officers or Allegheny County detectives were able to positively identify the actors.

The Defendants became suspects in the Todd Mattox murder following a string of events occurring over the course of the several months following the slaying. On June 2, 2011, Defendant Crumbley was involved in a shooting in Swissvale, in which he was shot several times. (T.R. 8/20/12, pp. 855-858). Two types of shell casings were recovered from the scene, including the same type of shell casings that were found at the Todd Mattox murder scene, those being from a .40 caliber Smith and Wesson Springfield Armory pistol. (T.R. 8/20/12, pp. 885-886). A friend of Defendant Crumbley's, Asa Thompkins, was present at the scene of the shooting. (T.R. 8/20/12, pp. 847, 852). One week later, on June 9, 2011, Asa Thompkins was pulled over for a traffic stop in South Park. (T.R. 8/3/12, p. 20; TR 8/20/12, p. 1009). A Springfield Armory pistol was found under the front passenger seat of the car, and Mr. Thompkins said that the gun was his. (T.R. 8/20/12, pp. 1010-1011).

On Septembeer 6, 2011, Thomas Julian Brown wrote a letter from the Allegheny County Jail to Detective Garlicki, of the Allegheny County Police, asking that he be put in touch with the detective who was handling the Todd Mattox homicide. (T.R. 8/20/12, p. 697). He indicated that he was willing to provide information on that case. (T.R. 8/20/12, pp. 697-698). Mr. Brown further indicated that he had heard, several months earlier, Defendant Crumbley saying that he had "smoked" Todd Mattox.

Respondents' Exhibit 66

(T.R. 8/20/12, pp. 698-699). Mr. Brown's cousin was Asa Thompkins, and Mr. Brown's son, Leron Brown, was a friend of Defendant Crumbley. (T.R. 8/20/12, pp. 695-696). Leron Brown was found shot dead in January or February 2012, inside a car with Roman Herring, a cousin of Defendant Crumbley's, who was also found dead in that same car. (T.R. 8/20/12, pp. 948, 991). Roman Herring was allegedly involved in the burning of a vehicle on Hill Street in Penn Hills. (T.R. 8/20/12, p. 945).

Defendant Crumbley became a suspect in the todd Mattox murder in September 2011, after Detective Anthony Perry received a report connecting the handguns used in the Todd Mattox homicide with the weapons used in the Swissvale shooting on June 2, 2011, and after witness Thomas brown came forward with information about the homicide. (T.R. 8/20/11, pp. 1017, 1020, 1021, 1025). Defendant Ebo also became a suspect at that tie. (T.R. 8/20/11, p. 1017).

Eyewitness Saday Robinson was shown photo arrays containing photographs of the Defendants on September 16, 2011 (Defendant Crumbley only) and November 4, 2011 (both Defendants). (T.R. 8/20/12, pp. 356-357). However, on neither date did she select either of the Defendants from the arrays, although she testified that she was aware at the time of the viewing the arrays that the Defendants were present in them. (T.R. 8/20/12, pp. 548-549). She indicated that she did not make the identifications on these dates because she was afraid, and her family and friends were telling her not to get involved. (T.R. 8/20/12, p. 548). Ms. Robinson also indicated in her testimony that she identified someone as "looking like" Defendant Ebo during one of the times when she was presented with photo arrays. (T.R. 8/20/12, p. 548). She indicated that she did that deliberately. (T.R. 8/20/12, p. 549). However, no detective involved with presenting her with photo arrays ever indicated that there had been an identification of anyone one either September 16, 2011 or November 4, 2011. (T.R. 8/20/12, pp. 349-356, 337-344). Ms. Robinson moved out of Leechburg Gardens in July 2011. She left the Allegheny County area and moved across the country in October 2011. (T.R. 8/20/12, p. 546). She returned to the area to testify upon the request of the

Respondents' Exhibit 66

police, who informed her that they had suspects in custody. (T.R. 8/20/12, p. 546). She was shown photo arrays on July 24, 2012, at which time she identified Defendant Crumbley after an approximately fifteen (15) second pause, and she identified Defendant Ebo immediately. (T.R. 8/20/12, pp. 540-543).

*Trial Court Opinion*, filed June 25, 2014, at 4-8.

## DISCUSSION

### A. Timeliness of PCRA Petition

This petition is timely because it has been filed within one year of the date that Ebo's judgment of sentence became final. 42 Pa.C.S.A. §9545(B)(1). Specifically, the Superior Court affirmed Ebo's conviction, but remanded the case for resentencing. Accordingly, Ebo was resentenced on February 28, 2018. Timely post-sentence motions were filed and denied by Order filed April 11, 2018. Ebo had 30 days from that date to file a direct appeal. Although Ebo did file a Notice of Appeal, he directed prior counsel to discontinue that appeal so that he could proceed with this PCRA. Consequently, Ebo's judgment of sentence became final 30 days after the Order denying post-sentence motions, on May 11, 2018. Ebo had until May 11, 2019, to file a timely PCRA Petition. 42 Pa.C.S.A. §9545(B)(3). Clearly, this petition filed June 29, 2018, is timely.

Respondents' Exhibit 66

B.  Eligibility For Relief Under The Act

Ebo is eligible for relief under the Act because he is serving the sentence imposed for the underlying conviction. 42 Pa.C.S.A. §9543(a)(1)(i). Ebo can establish that his conviction resulted from the unavailability at the time of trial exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. 42 Pa.C.S.A. §9543(a)(2)(vi). The issue presented herein has not been previously litigated, nor has it been waived, as Ebo only discovered the exculpatory evidence after the trial was concluded. 42 Pa.C.S.A. §9543(a)(3).

C.  Robert Raglin is a newly discovered exculpatory witness

Robert Raglin (Raglin), a jitney driver, notified Ebo after the trial was concluded that he was present at the time of the shooting, and that he had driven the two shooters to the location of the homicide on the night of the incident. Specifically he identified Roman Herring as the individual who sat in the front seat of his car, and Leron Brown as the individual who sat in the backseat. Raglin drove these two men to Leechburg Garden Apartments the night of the shooting which resulted in the death of Todd Mattox. (see Exhibit A)

Ebo is eligible for relief under the Act because Raglin's testimony is exculpatory in nature. Raglin's testimony was unavailable to Ebo at the time of trial. Ebo did not know Raglin was present during the shooting. This information

10

Respondents' Exhibit 66

was brought to Ebo's attention after the trial was over. Most importantly, had Raglin's testimony been offered at trial, the outcome of the case would have been different. 42 Pa.C.S.A. §9543(a)(2)(vi).

Ebo can establish each prong of the four-part test as required when making a claim for relief based upon after-discovered evidence. Raglin's testimony was unavailable at the time of trial, and undiscoverable through the exercise of due diligence, because Ebo had no knowledge that Raglin witnessed the shooting; Raglin's testimony is not merely corroborative or cumulative in nature, because this testimony is substantive and exculpatory; Raglin's testimony would not be offered merely to impeach any other Commonwealth witness, but would be offered as substantive evidence that exonerates Ebo of the charges; and if a new trial is granted where Raglin is able to testify, the verdict would be different. *Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018).

Raglin has indicated that he is available and willing to testify at an evidentiary hearing, and at a new trial, if this Court grants the requested relief. On this basis, Ebo requests that the Court schedule an evidentiary hearing so that Ebo can present this new witness, and for the Court to review the substantive, exculpatory testimony and grant Ebo a new trial.

Respondents' Exhibit 66

## CONCLUSION

Wherefore, Counsel asks the Court to enter an directing the Commonwealth to file an Answer to this PCRA Petition, and scheduling an evidentiary hearing.

Respectfully Submitted,

*Diana Stavroulakis*
Diana Stavroulakis

Respondents' Exhibit 66

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA        CC 201202821

V.

MATTHEW EBO                         JUDGE LAZZARA

ORDER OF COURT

AND NOW, this _____ day of _____, 2018, the Commonwealth is directed to file its Answer on or before _____. An evidentiary hearing will be held on _____.

BY THE COURT:

_____, J.

13

Respondents' Exhibit 66

## **CERTIFICATE OF COMPLIANCE**

    I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records Of The Appellate And Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Date: November 27, 2018        Submitted by:

                                            *Diana Stavroulakis*
                                            Diana Stavroulakis, Esquire
                                                  PA ID #59255
                                                  262 Elm Court
                                                  Pittsburgh, PA 15237

Respondents' Exhibit 66

## CERTIFICATE OF SERVICE

I, undersigned counsel, do hereby verify and state that a true and correct copy of the attached petition has been served upon the following individuals, this 30th day of November 2018, as follows:

**Service by Hand-Delivery:**

Hon. Beth A. Lazzara
Court of Common Pleas
509 Courthouse
436 Grant Street
Pittsburgh, PA 15219

Ron Wabby, Esquire
District Attorney's Office
436 Grant Street
401 Courthouse
Pittsburgh, PA 15219

Dept. of Court Records – Criminal Division
Allegheny County Courthouse, 1st Floor
436 Grant Street
Pittsburgh, PA 15219

Respectfully Submitted:

_Diana Stavroulakis_
Diana Stavroulakis

Respondents' Exhibit 66

## WITNESS STATEMENT

Robert Raglin
7235½ Susquehanna Street
Pittsburgh PA 15208-1818
Phone: (412) 728-5844 (Cell)
Date of Statement: 07-31-2018

RE: His knowledge and observations of facts and events concerning a shooting which occurred on or about Monday, May 16, 2011 in the parking lot on Garden Drive of the Leechburg Garden Apartments in Penn Hills Pennsylvania.

I, Robert Raglin, do hereby voluntarily give the following statement regarding the above-mentioned incident knowing that this statement may be used as evidence in any and all litigation resulting from the above incident and intending for this statement to be so used. I hereby verify and affirm that the following statement is true and correct to the best of my knowledge, information and belief. I have agreed to complete and sign this statement at the request of the investigator who is preparing a report for the attorney representing Matthew Ebo. Any changes made to this statement for the purposes of accuracy will be followed by my initials, (R.R.).

"On or about May 16, 2011 during the late afternoon or early evening hours I was working in Pittsburgh as a jitney. I was flagged down and picked up two guys near the intersection of Frankstown Road and Brushton Avenue. I picked the same two guys up on two or three other occasions and they were always good pay. I do not know their real names but one of them was a tall dark-skinned kid about 6'6" tall and the other one had a more brownish colored skin. I called them Ron and Rome. They asked me to drive them up to the Leechburg Garden Apartments in Penn Hills. This is the first time that I had ever taken them to this location. I drove them up to the apartments and when I pulled into the parking lot they exited my vehicle. As I dropped them off a white car pulled up into the parking lot as I was turning around. I had to go to the bathroom so I pulled over to the side of the road beside a Christmas tree and a fire hydrant, got out of my car and begin relieving myself. As I was doing so I heard two or three gunshots and I looked over my shoulder and saw that the guys that I had just dropped off were involved in a shootout with the driver of the white car that had pulled into the lot immediately after I did. All three of them were firing guns. I dropped to the ground and crawled to my car and pulled out of the parking lot as fast as I could. I looked in my rearview mirror and saw that the white car was directly behind me and I thought they were chasing me and intended to shoot me also. The white car eventually turned away from the direction I was heading and I continued to drive away from the parking lot. After that I didn't think a whole lot about the shooting and I never came forward to talk with the police because I was afraid.

Initials: _____

EXHIBIT A

Respondents' Exhibit 66

Regarding: State of Pennsylvania v Matthew Ebo
Item      : Statement of Robert Raglin
Date      : August 29, 2018
Page      : Page 2 of 2

At that time, I was not aware that anyone had been killed during the shooting. While I was in custody at the Allegheny County Jail on a child support case I saw two other inmates in my pod looking at me. I did not know either one of them and I do not know their names. One of the guys walked over to me and said that I was present during the shooting in which Todd Mattox had been killed. I told this guy I didn't know what he was talking about and I had no knowledge of anyone who had been killed in a shooting. He told me that the shooting had occurred in the parking lot of the Leechburg Garden Apartments and that I had witnessed it. I again told him that I was not aware of anyone who had been killed. This guy must have been present at the time of the shooting if he was saying that I was there but I have no way of identifying him. Out of curiosity I had a friend of mine check out the shooting to see exactly what had happened. When this friend came back to me he gave me the details about the shooting and showed me a photograph of the person who had been convicted of the murder of Todd Mattox. I immediately realized that the wrong man had been convicted of this murder. I have a brother who is imprisoned for a murder that he did not commit so I felt that it was only right that I come forward now that I knew that the wrong man had been convicted so he and his family did not endure the same pain as my family and I have suffered as a result of my brother's incarceration. I found out the name of the attorney that represented Thaddeus Crumbley and wrote her a letter saying that her client was not guilty of the shooting and that the wrong man had been convicted of the murder. I am willing to testify as to the knowledge I have concerning the shooting and the innocence of Matthew Ebo. I do not know Mr. Ebo or his codefendant Thaddeus Crumbley. To the best my knowledge I have never met either these gentlemen and my only intention in coming forward is that they not be punished for something that they did not do."

I, Robert Raglin, have carefully read the above statement of two (2) pages and do hereby declare, verify, state and affirm under penalty of perjury as outlined in the laws of the United States statute 28 U.S.C. Section 1746 as well as the penalties prescribed under 18 PA.C.S. Section 4904 relating to unsworn falsification to authorities, that the information contained in this statement is true, accurate and correct to the best of my knowledge, information and belief.

_____
Robert Raglin

8 30 18
_____
Date Executed

Respondents' Exhibit 66