0847
ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

2019 JUL -5 PM 1:42

DEPT OF
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| | CP-02-CR-0002821-2012 |
| V. | COMMONWEALTH'S POST HEARING SUBMISSION |
| MATTHEW EBO | Code _____ |
| | The Honorable Beth A. Lazzara |

Filed on behalf of the
Commonwealth of Pennsylvania

Counsel of Record for the
Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY

By

ALICIA H. SEARFOSS
ASSISTANT DISTRICT ATTORNEY
PA. I.D. NO. 320195

Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219
(412) 350-4377

Respondents' Exhibit 69

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

V.          CP-02-CR-0002821-2012

MATTHEW EBO

**COMMONWEALTH'S POST HEARING SUBMISSION**

AND NOW, to wit, this 5th day of July, 2019, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney, and, ALICIA H. SEARFOSS, Assistant District Attorney, and in answer to the above-captioned Post-Conviction petition, respectfully shows:

The Commonwealth would like to incorporate the procedural and factual history of the case from the Commonwealth's Answer to Petitioner's Post-Conviction Relief Act Petition which was filed on December 3, 2018 and has already been made part of the record.

Petitioner, through Diana Stavroulakis, Esquire, filed a Post-Conviction Relief Act (PCRA) Petition raising a claim of after discovered evidence in the form of a witness, Robert Raglin. An evidentiary hearing was held before this Honorable Court on May 10, 2019. Attorney Stavroulakis filed her Post Hearing Submission on June 11, 2019. The Commonwealth's Submission follows.

At the evidentiary hearing, while being questioned by Attorney Nightingale, Mr. Raglin told the Court that he was confronted by another inmate while at the Allegheny County Jail

Respondents' Exhibit 69

about this shooting. (HT[1], 12). During that confrontation, the other inmate told Mr. Raglin that Mr. Raglin was "there for the shooting" and said "say you wasn't, and I'll jump on you". (HT, 13). It was at that point that Mr. Raglin stood up to fight and defend himself because the inmate was being aggressive. (HT, 13, 31). On cross examination, Mr. Raglin again said that he was threatened by this inmate and that he had said that he had been threatened several times already. (HT, 35). This is highly problematic, as Mr. Raglin admitted on the record that he had been threatened regarding his testimony in this case. The threats, accompanied by inconsistencies in Mr. Raglin's testimony at the evidentiary hearing, offer this Court evidence that Mr. Raglin's testimony was both coerced as well as inconsistent with evidence and testimony presented at trial. For these reasons, the Commonwealth believes that Petitioner has failed to satisfy the after discovered evidence test and as such, his petition for relief should be denied.

If this Court does however find that Mr. Raglin's testimony is credible, the merits of the after discovered evidence claim are addressed below.

Petitioner is alleging that the testimony of Robert Raglin would qualify as after-discovered evidence that would enable Petitioner to be granted a new trial. To be granted a new trial based on the basis of after-discovered evidence:

> [Defendant] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative;[2] (3) will not be used solely to impeach the

---

[1] Numerals in parentheses preceded by the letters "HT" refer to pages of the May 10, 2019 Evidentiary Hearing Transcript.

[2] As defined by Black's Law Dictionary, <u>cumulative</u> evidence is "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." Black's Law Dictionary, Seventh Edition, at 577. <u>Corroborative</u> evidence expands on existing evidence.

credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008) (quoting *Commonwealth v. Randolph*, 873 A.2d 1277, 1283 (Pa. 2005). The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. See *Pagan*, supra; *Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007), appeal denied, 958 A.2d 1047 (Pa. 2008).

### I.   The Testimony is Solely for Impeachment

Petitioner is alleging that the testimony of Robert Raglin, the after discovered witness, would not be used merely to impeach the testimony of Ms. Robinson. That, however, is precisely the effect of the testimony that Petitioner is trying to put before the Court.

A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach the credibility of a witness. See *Pagan*, supra. "Whenever a party offers a witness to provide evidence that contradicts other evidence previously given by another witness, it constitutes impeachment...." *Commonwealth v. Weis*, 611 A.2d 1218, 1229 (Pa. Super. 1992). Where eyewitness identification tied the defendant to the crime charged and the defendant challenged the identification in his trial, third-party testimony exculpating the defendant impeaches the eyewitness. *Commonwealth v. Moore*, 633 A.2d 1119, 1136 (Pa. 1993).

Petitioner is attempting to use Mr. Raglin's testimony to contradict Ms. Robinson's identification of Petitioner and his Co-Defendant. Petitioner underwent a lengthy challenge of Ms. Robinson's identification at trial, so Petitioner's attempt to use Mr. Raglin's testimony now is clearly for impeachment purposes, which is prohibited.

3

Respondents' Exhibit 69

## II.     The Verdict Would Remain The Same

Had Mr. Raglin testified at trial, it would have still been up to the jury to determine his credibility. Since Mr. Raglin had admitted to being threatened, it seems extremely unlikely that the jury would have found Mr. Raglin credible. Further, Mr. Raglin has still never identified who it was that approached him in the Allegheny County Jail about the events that occurred at Leechburg Gardens Apartments on May 16, 2011. All Mr. Raglin could say was that he thought that he was going to be physically assaulted by this inmate. Additionally, it seems rather ironic that this inmate who approached Mr. Raglin somehow knew that he was there the night of the murder and could testify favorably for Petitioner and Co-Defendant Crumbley. This is especially ironic considering Petitioner makes the argument that he could not have uncovered this information prior to trial because no one, including the police, had knowledge about Mr. Raglin ever being present that night.

At the hearing, Mr. Raglin recounted what he could remember from the night of the shooting. It is important to note that Mr. Raglin was not able to say exactly what day the shooting happened, but he knew it was around his birthday on May 22. (HT, 42). Mr. Raglin also stated that he could not tell where the sun was because he was "up under a big Christmas tree". (HT, 44). Mr. Raglin was sure of two (2) things however, that he dropped two (2) males off at the apartment complex on the night of the shooting and that he heard gunshots and saw gunfire. (HT, 5-6, 42).

There are several things that Mr. Raglin did not see that night however. He did not see either actor go into the apartment building prior to the shooting commencing. (HT, 31). This is in direct contradiction with testimony from the trial, as Saday Robinson specifically testified that the argument started in the building and moved out into the parking lot. (TT,

4

528)[3]. Another eye witness, Brandon Smith, testified at trial that he had heard ruffling around in the hallway before he heard gunshots. (TT, 665). Mr. Raglin also did not actually see anyone get shot. (HT, 42). He did not see if anyone got in or out of the white car prior to the gunfire, and he did not see if anyone fell to the ground after the gunfire. (HT, 43).

Additionally, when taking into account the whole trial, it is important to note the inconsistencies in Mr. Raglin's testimony from what was offered at trial. The jury heard evidence and testimony from several witnesses. Thomas Brown heard the confession made by Co-Defendant Crumbley and reported it, which initiated the inquiry into Petitioner and Co-Defendant Crumbley. (TT, 698-699). Richard Carpenter then identified Co-Defendant Crumbley in a photo array. (TT, 365-366). Saday Robinson also made an identification of Petitioner and Co-Defendant Crumbley. Both Mr. Brown and Ms. Robinson were questioned by trial counsel for both Petitioner and Co-Defendant Crumbley in order to vet out any bias or prejudice.

It is also of note that this Court in its Opinion stated that "[o]n the contrary, Ms. Robinson was a tremendously compelling witness, who clearly became involved in this case against her best interests and all of the advice of her family and friends. It was obvious that she was terrified as she testified during the pre-trial motion proceeding, and again when she gave her trial testimony. Ms. Robinson shook and trembled throughout the entirety of her testimony." *See* Trial Court Opinion 06/25/2014, 14.

---

[3] Numerals in parentheses preceded by the letters "TT" refer to pages of the Trial Transcript for August 02, 2012 through September 4, 2012.

Respondents' Exhibit 69

Given the vague nature of Mr. Raglin's testimony and the totality of all of the testimony at trial, the outcome of the trial would not have differed had Mr. Raglin testified. As such, the Commonwealth respectfully requests that this Court deny the petition.

WHEREFORE, based on the above reasons and after consideration of the PCRA Petition and review of the testimony presented at the evidentiary hearing, the Commonwealth respectfully requests that the instant petition be DENIED.

> Respectfully submitted,
>
> STEPHEN A. ZAPPALA, JR.
> DISTRICT ATTORNEY
>
> By: _____
> ALICIA H. SEARFOSS
> ASSISTANT DISTRICT ATTORNEY

Respondents' Exhibit 69

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
ALICIA H. SEARFOSS
ASSISTANT DISTRICT ATTORNEY
PA. I.D. NO. 320195

Respondents' Exhibit 69

## PROOF OF SERVICE

I, the undersigned authority, hereby certify that this 5th day of July, 2019 a true and correct copy of the within Commonwealth's Post Hearing Submission was served upon persons and in the manner indicated below. The manner of service satisfies the requirements of Pa.R.Crim.P. 575.

*[signature]*
ALICIA H. SEARFOSS
ASSISTANT DISTRICT ATTORNEY
PA. I.D. NO. 320195

Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219
(412) 350-4377

Service by first class mail addressed as follows:

Diana Stavroulakis, Esquire
262 Elm Court
Pittsburgh, PA 15237
(412) 600-8608

Service by leaving a copy at the office of:

Criminal Court Administrator
535 Allegheny County Courthouse
Pittsburgh, PA 15219
(412) 350-5952

cc:   The Honorable Beth A. Lazzara
      510 Allegheny County Courthouse

Respondents' Exhibit 69